EMPLOYEES RETIREMENT SYSTEM OF TEXAS and Metropolitan Life Insurance Company, Petitioners,

v.

Joyce M. BLOUNT, Respondent.

No. C–3448.

Supreme Court of Texas.

May 14, 1986.

Gary A. Thornton, Small, Craig & Werkenthin, Austin, Rena Friedlander, and William Toppeta, New York City, Susan Henricks, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, for petitioners.

Joseph Hunter, Alvin, for respondent.

## ON MOTION FOR REHEARING

### PER CURIAM.

After her husband's death, Joyce M. Blount sued Employees Retirement System of Texas ("ERS") and Metropolitan Life Insurance Company in Travis County District Court, seeking a trial de novo for a contested insurance claim arising under a uniform group insurance program for state employees. Metropolitan paid $4,000 in basic life insurance but denied payment of her $46,000 claim for optional accidental death benefits. In December of 1981, the ERS Board of Trustees recommended a denial of the accidental death benefits. The trial court reviewed the record under substantial evidence review, and found that substantial evidence did exist to support the agency's decision. The court of appeals reversed the judgment of the trial court and remanded in the interest of justice, holding that the case was tried under the wrong standard, as Blount had a common law right to bring her action in district court as a trial de novo. 677 S.W.2d 565. We grant the motion for rehearing and the applications for writ of error, and, pursuant to Tex.R.Civ.P. 483, without hearing oral argument, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The primary issue on appeal is whether the ERS trustees have been granted the final binding authority to adjudicate claims of contested cases pursuant to its enabling statute, Tex.Ins. Code Ann. art. 3.50–2 (Vernon 1981) and the Administrative Procedure and Texas Register Act, Tex.Rev. Civ.Stat.Ann. art. 6252–13a (Vernon Supp. 1986) ("APTRA"). We hold that the agency does have such authority pursuant to Article 3.50–2 and APTRA § 19, and that the trial court properly reviewed the record under the substantial evidence standard.

The court of appeals' decision conflicts with Article 3.50–2, § 4(e), which gives the trustees full power to promulgate rules and procedures necessary to carry out the purposes and provisions of this act, including:

establishment of grievance procedures by which the trustee shall act as an appeals body for complaints by insured employees regarding the allowance and

*payment of claims, eligibility* and other matters ... (emphasis added)

The bill analysis for the 1985 amendment to Article 3.50–2, Senate Bill 771 makes it clear that its purpose was to emphasize that the agency has always maintained this power and has acted accordingly to provide for free and expedited hearings before the trustees without being "forced to resolve any differences with the carrier in the courts." Thus, the court of appeals erred in holding that proceedings before the ERS trustees were not judicial in nature.

Because Blount's cause of action is derived from statute, not common law, the statutory provisions are mandatory and exclusive and must be complied with in all respects. *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926); *Texas Catastrophe Property Insurance Association v. Council of Co-Owners of Saida II Towers Condominium Association*, 706 S.W.2d 644 (Tex.1986). The trial court, therefore, properly reviewed the case under substantial evidence review, pursuant to APTRA, § 19(e).

Therefore, we grant the motion for rehearing and the applications for writ of error, and, without hearing oral argument, the majority of the court reverses the judgment of the court of appeals and affirms the judgment of the trial court. Tex.R. Civ.P. 483.