

# THE ATTORNEY GENERAL
# OF TEXAS

March 23, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Ross Newby
Executive Director
Texas Commission on Alcohol
   and Drug Abuse
1705 Guadalupe
Austin, Texas   78701

Opinion No. JM-652

Re: Whether the Texas Commission on Alcohol and Drug Abuse may conduct on-site inspections of alcohol treatment facilities and related questions

Dear Mr. Newby:

You ask a series of questions regarding the authority of the Texas Commission on Alcohol and Drug Abuse [hereinafter the Commission] to conduct on-site inspections of alcohol treatment facilities. We will answer each of your questions in turn.

Article 4437h, V.T.C.S., imposes upon those state agencies, specifically the Texas Department of Health, the Texas Department of Human Resources, the Texas Department of Mental Health and Mental Retardation, and the Texas Commission on Alcohol and Drug Abuse, that perform surveys, inspections, and investigations of "health care facilities" as defined by the Texas Health Planning and Development Act, article 4418h, V.T.C.S., the duty to "not duplicate their procedures or subject such health care facilities to duplicitous [sic] rules and regulations." V.T.C.S. art. 4437h, §1. Section 3 of the act provides the following:

> Sec. 3. State agencies shall make or cause to be made only such inspections necessary to carry out the various obligations imposed on each agency by applicable state and federal law and regulations. <u>Any on-site inspection by a state agency or a division or unit thereof that substantially complies with the inspection requirements of any other state agency or any other division or unit of the inspecting agency charged with making similar inspections shall be accepted as an equivalent inspection in lieu of an on-site inspection by said agency or by a division or unit of the inspecting agency.</u> A state agency shall coordinate its health care facility inspections both internally and with those required by other state agencies so as to insure that the requirements of this section are met. (Emphasis added).

V.T.C.S. art. 4437h, §3.

Article 5561cc, V.T.C.S., confers on the commission the specific authority to regulate alcohol treatment facilities and provides at section 4 that

> [t]he commission shall issue a license to a person who has: (1) complied with the license application requirements in Section 3 of this Act; and (2) received approval of the facility after an on-site inspection. (Emphasis added).

See also V.T.C.S. art. 5561c-2, §1.14(a)(9). Section 1(10) of article 5561cc, V.T.C.S., specifies that

> 'Alcohol treatment facility' means a public or private hospital, clinic, detoxification facility, primary care facility, intermediate care facility, long-term care or outpatient care facility, community mental health center, recovery center, halfway house, ambulatory care facility, or any other facility that purports to provide alcohol or combined alcohol and drug treatment services and rehabilitation services as one of its programs. The term does not include an educational program for intoxicated drivers or the office of a private licensed health care practitioner.

Section 6 specifically authorizes the commission to conduct on-site inspections and sets forth the following:

> Sec. 6. (a) The commission or its authorized representative may enter upon the premises of a facility at reasonable times to make an inspection the commission considers necessary. The inspection is subject to the limitations imposed under Chapter 387, Acts of the 65th Legislature, Regular Session, 1977 (Article 4437h, Vernon's Texas Civil Statutes).
>
> (b) If the applicant or licensee is a health care facility as defined by Chapter 387, Acts of the 65th Legislature, Regular Session, 1977, (Article 4437h, Vernon's Texas Civil Statutes), on-site inspections by the commission must comply with the provisions of that Act. In cases in which an applicant or licensee is not covered by that Act, the commission may enter into inter-agency agreements to avoid duplication of efforts and to conserve state resources in relation to its

> on-site inspections under this Act.   (Emphasis added).

V.T.C.S. art. 5561cc, §6.

You first ask the following question:

> Does article 4437h, section 3, V.T.C.S., prohibit the Texas Commission on Alcohol and Drug Abuse from conducting on-site inspections of alcohol treatment facilities (as defined in article 5561cc, V.T.C.S.) for compliance with programmatic licensure standards which do not duplicate any standards required by another state agency?

We answer your first question in the negative.  The very terms of section 3 of article 4437h provide that one state agency must accept the on-site inspection of another state agency only if the inspection requirements of the inspecting agency comply substantially with those of the first:

> Any on-site inspection by a state agency or a division or unit thereof that substantially complies with the inspection requirements of any other state agency or any other division or unit of the inspecting agency charged with making similar inspections shall be accepted as an equivalent inspection in lieu of an on-site inspection by said agency or by a division or unit of the inspecting agency.

The issue as to whether the inspection requirements of one agency "substantially comply" with that of another is an issue of fact that would be inappropriate for resolution in the opinion process; but it is clear that the commission is precluded from conducting on-site inspections by section 3 of article 4437h only in such an instance.

You next ask:

> Does article 4437h, section 4, V.T.C.S., prohibit the Texas Commission on Alcohol and Drug Abuse from conducting any and all on-site inspections of JCAH [Joint Commission on Accreditation of Hospitals] or American Osteopathic Association -- accredited (or accreditations by other national accreditation bodies) hospitals which are certified under Title XVIII of the Social Security Act, as amended, even if the hospital programs include an alcohol or drug treatment and rehabilitation program and the

accrediting body does not apply alcohol/drug abuse content -- specific program standards? Do the provisions of section 4 prohibit the commission from conducting on-site programmatic inspections and separate licensure by the commission of JCAH -- accredited hospitals which are not certified under Title XVIII of the Social Security Act?

Section 4 of article 4437h, V.T.C.S., provides the following:

> Sec. 4. (a) All hospitals licensed by the Texas Department of Health which have been certified under Title XVIII of the Social Security Act, as added July 30, 1965 (Public Law 89-97), by the Texas Department of Mental Health and Mental Retardation, or by the Texas Commission on Alcohol and Drug Abuse which have obtained accreditation from the Joint Commission on Accreditation of Hospitals, the American Osteopathic Association, or another national accreditation body for the offered services, shall not be subject to additional licensing inspections under the Texas Hospital Licensing Law (Article 4437f, Vernon's Texas Civil Statutes) or by the licensing agency so long as such certification or accreditation is maintained. Such hospitals shall only be required to annually remit any applicable fees and submit a copy of the most recent survey results or inspection results report from the accreditation body in order to be issued a license by the appropriate licensing agency.

> (b) The Texas Department of Human Resources, the Texas Department of Health, the Texas Department of Mental Health and Mental Retardation, and the Texas Commission on Alcohol and Drug Abuse shall execute a memorandum of understanding that establishes procedures to eliminate or reduce duplication of functions in certifying or licensing hospitals, nursing homes, or other facilities under their jurisdiction for payments under the requirements of the Medical Assistance Program (Chapter 32, Human Resources Code) and federal laws and regulations relating to Titles XVIII and XIX of the Social Security Act. Each agency by rule shall adopt the memorandum of understanding. The procedures established under this section shall provide for use by the affected agencies of information collected by those agencies in making inspections for certification purposes and in investigating complaints regarding

matters that would affect the certification of a nursing home or other facilities under their jurisdiction.

(c) The Texas Department of Health shall coordinate all licensing or certification procedures conducted by the state health-related organizations covered by this section.

(d) This section does not affect the authority of the Texas Department of Health to implement and enforce the provisions of the Texas Hospital Licensing Law (Article 4437f, Vernon's Texas Civil Statutes) relating to the transfer of hospital patients or the means by which the department implements and enforces those provisions. (Footnotes omitted). (Emphasis added).

It is important to note at the outset that section 4 applies only to hospitals. As we noted earlier, article 5561cc, V.T.C.S., reposes in the commission the responsibility to license "alcohol treatment facilities" as defined in section 1, subsection (10) of the act. The definition comprises more than "hospitals," and to the extent that it does, it falls without the reach of section 4 of article 4437h. In effect, section 4 serves as an exception to other relevant inspection and licensing requirements. The section provides that, as long as the specified certification or accreditation is maintained, a hospital shall not be subject to additional licensing inspections under either the Texas Hospital Licensing Law (article 4437h, V.T.C.S.) or by the relevant state licensing agency in three situations: (1) if the hospital is licensed by the Texas Department of Health and has been certified under Title XVIII of the Social Security Act, as amended (42 U.S.C. §§1395 et seq.; (2) if the hospital is licensed by the Texas Department of Mental Health and Mental Retardation; or (3) if the hospital is licensed by the Texas Commission on Alcohol and Drug Abuse and has obtained accreditation from the Joint Commission on Accreditation of Hospitals [hereinafter JCAH], the American Osteopathic Association, or another national accreditation body for the offered services.

You ask whether section 4 of article 4437h, V.T.C.S., acts to prohibit the commission from conducting on-site inspections of hospitals accredited by national organizations in the manner specified in the third situation described above even if the hospital offers a drug or alcohol treatment program and the accrediting agency does not impose accrediting standards relevant to such programs. By the very terms of section 4, the answer is clearly "yes." You also ask whether the commission is prohibited from inspecting nationally accredited hospitals that are not certified under Title XVIII of the Social Security Act. And again, by the very terms of section 4 the answer is clearly "yes." We construe the phrase of section 4 that refers to

national accreditation (i.e., "which have obtained . . . for the offered services") to affect only those hospitals licensed by the Texas Commission on Alcohol and Drug Abuse, not to affect hospitals licensed by either the Texas Department of Health or the Texas Department of Mental Health and Mental Retardation.

You next ask:

> By what criteria must the Texas Commission on Alcohol and Drug Abuse conduct inspections which are mandated by article 5561cc, sections 6 and 13, and by article 5561c-2, sections 1.13 and 1.14 (6) and (9), V.T.C.S., pursuant to section 4 of article 4437h?

Section 7 of article 5561cc, V.T.C.S., confers broad rule-making authority to the commission and provides the following:

> Sec. 7. The commission shall adopt rules and standards for the following:
>
> (1) the organizational structure of an alcohol treatment facility, including the governing authority of the facility, board authority, organization, fiscal and policy responsibilities, supervisory lines of authority, and staffing;
>
> (2) the program conducted by a facility, including services to be provided, admission criteria, client rights, and standards for medication, nutrition, and emergency situations;
>
> (3) the clinical and fiscal records kept by a facility;
>
> (4) the general physical plant requirements for a facility, including environmental considerations, fire protection, safety, and other conditions to ensure the health and comfort of the clients; and
>
> (5) standards relating to other aspects of alcohol or alcohol and drug abuse treatment as necessary to protect the alcoholic or alcohol and drug dependent person.
>
> (b) The commission may not adopt rules restricting competitive bidding or advertising by a facility regulated by the commission except to prohibit false, misleading, or deceptive practices by the facility. The commission may not include

in its rules to prohibit false, misleading, or
deceptive practices by a facility regulated by the
commission a rule that:

> (1)  restricts the facility's use of any medium
> for advertising;
>
> (2)  restricts in an advertisement the personal
> appearance  of  a  person  representing  the
> facility or the use of that person's voice;
>
> (3)  relates to the size or duration of an
> advertisement by the facility; or
>
> (4)  restricts  the  facility's  advertisement
> under a trade name.

The legislature has delegated to the commission the implied authority
to formulate criteria to conduct on-site inspections prior to granting
licenses, criteria that may not exceed the authority conferred by
section 7 of article 5561cc, V.T.C.S.  _Board of Insurance Commis-
sioners v. Guardian Life Insurance Co._, 180 S.W.2d 906 (Tex. 1944);
_Blount v. Metropolitan Life Insurance Co._, 677 S.W.2d 565 (Tex. App. -
Austin 1984), _rev'd on other grounds sub nom._, _Employees Retirement
System of Texas v. Blount_, 709 S.W.2d 646 (Tex. 1986).  You have
included with your request a copy of rules promulgated by the com-
mission pursuant to section 7 that govern licensing procedures and the
denial, non-renewal or revocation of a license.  You do not ask about,
nor accordingly do we address, any specific rule or portion of a rule.
We note only that any rule promulgated by the commission must comport
with section 7.

Finally, you ask:

> Does article 4437h, section 4(c), give the
> Texas Department of Health authority to coordinate
> licensing or certification procedures or Memoranda
> of Agreements between the Texas Commission on
> Alcohol and Drug Abuse and the Texas Department of
> Human Services with respect to Commission-licensed
> programs which provide alcohol and drug treatment
> and rehabilitation services (as defined in article
> 5561cc, V.T.C.S.) to juveniles?

The answer is clearly "no," at least with regard to facilities
that are not hospitals which fall under section 4.  Subsection (c) of
section 4 of article 4437h, V.T.C.S., provides that

> [t]he Texas Department of Health shall coordi-
> nate all licensing or certification procedures

> conducted by the state health-related organiza-
> tions covered <u>by this section</u>. (Emphasis added).

This section, as noted above, serves as an exception to the other relevant inspection and licensing requirements set forth in articles 4437h, 5561cc, and 5561c-2, V.T.C.S. The coordinating authority of the Texas Department of Health extends only to those situations in which a section 4 "hospital" is involved. In all remaining instances, the last sentence of section 3 of article 4437h, V.T.C.S., controls:

> A state agency shall coordinate its health care
> facility inspections both internally and with
> those required by other state agencies so as to
> insure that the requirements of this section are
> met.

It is clear that, with the exception of section 4 "hospitals," each agency affected by section 3 of article 4437h has both equal authority and equal responsibility to coordinate its health care facility inspections with other affected agencies; no agency's authority to coordinate inspections in this matter is preeminent over any other.

### S U M M A R Y

> Section 3 of article 4437h, V.T.C.S., does
> not prohibit the Texas Commission on Alcohol and
> Drug Abuse from conducting on-site inspections of
> alcohol-treatment facilities for compliance with
> licensure requirements except in an instance in
> which another licensing agency has already
> conducted such an inspection that substantially
> complies with that conducted by the commission.
> The issue as to whether the inspection require-
> ments of one agency substantially comply with
> those of the commission is an issue of fact that
> would be inapposite for resolution in the opinion
> process. Section 4 of article 4437h, V.T.C.S.,
> acts to prohibit the commission from conducting
> on-site inspections of hospitals accredited by
> national organizations in the manner specified in
> section 4, regardless of whether such hospitals
> are certified under Title XVIII of the Social
> Security Act, even if the section 4 "hospital"
> offers a drug or alcohol treatment program and the
> accrediting agency does not impose accrediting
> standards relevant to such programs. The legis-
> lature has conferred authority to the Texas
> Commission on Alcohol and Drug Abuse to promulgate
> criteria by means of which the commission will
> conduct on-site licensure inspections; any such

criteria promulgated by the commission must comport with the powers conferred by section 7 of article 5561cc, V.T.C.S. Subsection (c) of section 4 of article 4437h, V.T.C.S., confers authority to the Texas Department of Health to coordinate all licensing and certification procedures conducted by state health-related organizations only with regard to hospitals governed by section 4 of article 4437h. In all remaining instances, each agency affected by section 3 of article 4437h, V.T.C.S., has both equal authority and equal responsibility to coordinate its health care facility inspections with other affected agencies; no agency's authority to coordinate inspections is preeminent over any other.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General