Testoni 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-91-297-CV





ERNEST TESTONI,



 APPELLANT


vs.





BLUE CROSS AND BLUE SHIELD OF TEXAS, INC.,


 EMPLOYEES RETIREMENT SYSTEM OF TEXAS


 AND STEVEN L. MARTIN,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 456,493, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING




 






 We withdraw our opinion and judgment, dated July 1, 1992, and substitute the
following therefor.

 Appellant Ernest Testoni ("Testoni") filed suit in district court against Blue Cross
and Blue Shield of Texas, Inc. ("Blue Cross") and Employees Retirement System of Texas and
its hearing examiner, Steve L. Martin, (collectively "ERS") contesting denial of a claim under
Testoni's medical policy. That suit was purportedly a suit for judicial review of a final order of
ERS pursuant to the Administrative Procedure and Texas Register Act (APTRA). See Tex. Rev. Civ. Stat. Ann. art. 6252-13a (Supp. 1992). Testoni appeals from a take-nothing final
judgment of the district court in favor of Blue Cross, which incorporated an interlocutory order
dismissing the case as to ERS for lack of jurisdiction. We will reverse the district court judgment
and render judgment that the cause be dismissed for want of jurisdiction. 



BACKGROUND


 Testoni's wife received private nursing care during the last seven months of her
life. Blue Cross denied the reimbursement claim for lack of medical necessity. Testoni filed an
administrative appeal with ERS. After a contested administrative hearing, ERS also denied the
claim. Testoni, in his letter acknowledging receipt of the decision, moved for rehearing on the
basis that he did not agree with the decision but did not specify any error. The sufficiency of this
request is at issue in this case. ERS took no action, and the motion was eventually overruled by
operation of law. ERS sent Testoni a certificate notifying him that his motion had been overruled
by operation of law along with a cover letter advising him of the review procedures provided by
APTRA. The effect of these letters is also at issue in this case.

 Testoni subsequently filed suit in the Travis County district court seeking judicial
review of the agency ruling and asserting, for the first time, common-law causes of action against
Blue Cross, e.g., breach of contract and warranty, violation of the implied covenant of good faith
and fair dealing, and violation of both the Deceptive Trade Practices-Consumer Protection Act
and the Insurance Code, (1) (hereafter "extra-contractual claims").

 ERS filed a plea to the jurisdiction asserting sovereign immunity and further
alleging that because Testoni's motion for rehearing in the agency lacked the specificity required
by APTRA it failed to preserve error for review, and the district court lacked jurisdiction over
the case. A hearing was held on January 2, 1990, at which Testoni failed to appear. On January
16, 1990, the court ordered that the plea of ERS be granted and "that this cause be dismissed for
want of this court's jurisdiction." 

 In September 1990, Testoni requested discovery from Blue Cross. In response,
Blue Cross filed a motion to quash claiming, among other reasons, that the extra-contractual
common-law and statutory causes would be barred if the ERS decision on the coverage claim were
upheld. Blue Cross next filed a plea to the jurisdiction as to all claims not part of the review of
the administrative agency and also asserting Testoni failed to properly exhaust administrative
remedies. The district court granted the motion to quash, partially granted the plea to the
jurisdiction by dismissing the administrative appeal, and rendered a final judgment that res
judicata barred the extra-contractual claims. As part of that judgment, the court characterized its
prior order of January 16, 1990, as an interlocutory order affecting Testoni's claims only against
ERS.

 Testoni raises three points of error on appeal: (1) that the district court erred by
finding res judicata barred the extra-contractual claims; (2) that the district court erred by
quashing discovery; and (3) that the district court erred in granting the pleas to the jurisdiction. 
ERS and Blue Cross both raised cross-points challenging the timeliness of this appeal by asserting
the finality of the January 16, 1990, order.



DISCUSSION AND HOLDING



Cross-Points of Error

 We will first address the cross-points since they attack this Court's jurisdiction to
hear this appeal. Both Blue Cross and ERS bring a cross point of error contending that the
January 16 order dismissing the case created an appealable order, and that by failing to perfect
his appeal at that time, Testoni has waived the right. The January 1990 order ruled on a plea to
the jurisdiction filed only by ERS. Further, the plea asserted an affirmative defense to the extra-contractual claims which was not available to Blue Cross. Therefore, the order could not have
intended to dismiss all claims as to Blue Cross. Nor did the order purport to sever ERS allowing
appeal on that part of the case. We hold that the trial court's January 16, 1990, order was
interlocutory in nature and was not appealable until incorporated into the final judgment. Cross-points of error of both ERS and Blue Cross are overruled.



Extra-Contractual Common-Law and Statutory Causes of Action

 In point of error one, Testoni contends that the district court erred in finding res
judicata barred his common-law and statutory claims against Blue Cross because there was no
basis for its ruling in the evidence or pleadings. (2) We agree with Testoni that res judicata is an
affirmative defense that must be asserted in an answer, a motion for summary judgment or a
motion for judgment on the pleadings. Blue Cross filed neither of these pleadings. The only
motions before the trial court were Blue Cross's plea to the jurisdiction and motion to quash
discovery. Although we reverse the trial court's judgment to the extent it is based on res judicata
grounds, we do not remand for a new trial since we hold that the trial court lacked jurisdiction
over the extra-contractual claims as well as the review of the administrative agency decision. 

 Testoni's insurance coverage was provided pursuant to membership in the
Employees Retirement System. Coverage and the right of reimbursement under ERS policies
were created by the Legislature, not common law. Employees Retirement Sys. v. Blount, 709
S.W.2d 646, 647 (Tex. 1986). The Texas Supreme Court has held that when the Legislature
creates a right, it can also restrict the remedies available and the means of determining their
enforcement. See Texas Catastrophe Property. Ins. Ass'n v. Council of Co-Owners of Saida II
Towers Condo. Ass'n, 706 S.W.2d 644, 645-46 (Tex. 1986). The Saida Towers case involved
landowner hurricane-damage claims that were denied by the State Board of Insurance. The court
held that the landowner's right to obtain benefits arose solely as a result of the Texas Catastrophe
Property Insurance Act, not common law. Id. at 646. Therefore, the court required the claimant
to follow the strict procedures of APTRA to resolve all disputes arising from a denial of payment
for a claim. Id. at 647. Blount essentially enunciated the same rules for claims involving ERS
employee benefits. See Blount, 709 S.W.2d at 647. This Court, on the heels of Saida Towers
and Blount, has required all statutory causes of action arising on a legislatively created claim to
be brought before the agency as part of a contested hearing. Leisure Servs., Inc. v. Texas
Catastrophe Property. Ins. Ass'n, 712 S.W.2d 266, 268 (Tex. App. 1986, writ ref'd n.r.e.); see
also Beyer v. Employees Retirement Sys., 808 S.W.2d 622 (Tex. App. 1991, writ denied).

 Thus, Testoni was required first to file all of his claims for relief related to the
insurance coverage denial at the agency level before pursuing them on review in district court. 
He failed to do this with his extra-contractual claims against Blue Cross. Therefore, those claims
were barred for failure to exhaust administrative remedies, and the district court had no
jurisdiction. Because we hold that the trial court lacked jurisdiction to render any judgment on
the merits, point of error one is sustained. 



Motion to Quash Discovery

 In point of error two, Testoni contends that the district court improperly quashed
discovery, preventing Testoni from addressing the issues on which judgment was granted. To be
error, a trial court's refusal to permit discovery must constitute an abuse of discretion. Sneed v.
H.E. Butt Grocery Co., 569 S.W.2d 555, 556-57 (Tex. Civ. App. 1978, writ ref'd n.r.e.). The
test is whether the action was so arbitrary and unreasonable as to amount to prejudicial error. 
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). We do not find the
district court's actions in this case unreasonable.

 As ERS points out in its brief, this was an appeal from an administrative agency
governed by substantial evidence review. On substantial evidence review, only the record before
the agency should be considered by the court. Texas State Bd. of Dental Examiners v. Sizemore,
759 S.W.2d 114 (Tex. 1988). (3) Therefore, since this was an administrative appeal, there was no
reason to conduct discovery. The district court did not abuse its discretion in granting the motion
to quash. Point of error two is overruled.



Plea to the Jurisdiction

 In point of error three, Testoni contends that the district court erred in granting
both pleas to the jurisdiction because ERS had judicially admitted that Testoni had complied with
all necessary prerequisites for judicial review. Testoni contends that the certificate overruling his
motion for rehearing and the accompanying cover letter from ERS judicially admitted that the
motion met all the specificity requirements. We disagree.

 In this case, the certificate states only that the motion for rehearing was overruled
by operation of law. The cover letter states, "By this action, you have exhausted your
administrative remedies. You may now appeal to District Court should you so desire." Testoni
confuses the specificity required of a motion for rehearing in order to preserve error with the
exhaustion of administrative remedies that was satisfied with the overruling of his motion by
operation of law. By stating in these documents that Testoni's motion for rehearing had been
overruled and that he had exhausted administrative remedies, ERS was commenting not on the
content of Testoni's motion but only on the procedural steps that were then available to him. The
ERS notice simply informed Testoni that all procedural steps available at the agency level had
been exhausted. 

 In order to file an appeal from an administrative decision, a motion for rehearing
must be filed with the agency. See APTRA § 16(e). That motion must sufficiently notify the
agency of the error claimed so that the agency can either correct or defend the error. Suburban
Util. Corp. v. Public Util. Comm'n, 652 S.W.2d 358, 365 (Tex. 1983). More specifically, for
each contention of error the motion must set forth the fact finding, legal conclusion, or ruling
complained of and the legal basis of that complaint. Burke v. Central Tex. Educ. Agency, 725
S.W.2d 393, 397 (Tex. App. 1987, writ ref'd n.r.e.). The specificity required is part of the
jurisdictional nature of the motion for rehearing. See id. The motion in this case, which merely
requested rehearing, is not sufficient to meet this standard, preserve error, or provide
jurisdiction. (4)

 Further, an agency is not allowed to waive jurisdictional requirements. Lindsay
v. Sterling, 690 S.W.2d 560, 563 (Tex. 1985); Texas Ass'n of Long Distance Tel. Co. v. Public
Util. Comm'n, 798 S.W.2d 875, 881 (Tex. App. 1990, writ denied). In Lindsay, the Texas
Supreme Court held that even though the agency had participated in an appeal to both the district
court and the court of appeals, the agency's actions could not operate to waive the motion for
rehearing requirement of APTRA. Lindsay, 690 S.W.2d at 563. Since a non-waivable
jurisdictional defect existed, the district court correctly granted the pleas to the jurisdiction. Point
of error three is overruled. 

 The final judgment of the district court is reversed and judgment is rendered
dismissing the cause for want of jurisdiction.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd; Justice Jones not participating]

Reversed and Rendered

Filed: October 7, 1992

[Publish]

1.   Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (1987 & Supp. 1992); Tex. Ins. Code
Ann. art. 21.21 (1981 & Supp. 1992).
2.   At oral argument counsel for Testoni conceded that sovereign immunity protects
ERS from suit on these claims, and waives this point as to ERS. Therefore, we consider
this point only with regard to Blue Cross.
3.   APTRA § 19(d)(3) provides a limited exception not applicable in this case.
4.   The motion is part of one sentence in a letter from Testoni's counsel to the ERS. In
its entirety the sentence reads, "Mr. Testoni does not agree with this result and he hereby
moves for rehearing on the decision rendered to deny the payment of benefits for nursing
care."