NUMBER 13-03-481-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
BLUE CROSS BLUE SHIELD OF TEXAS AND 
HEALTH CARE SERVICES CORP., A MUTUAL
LEGAL RESERVE COMPANY,                                                  Appellants,
 
v.
XAVIER DUENEZ, AND WIFE, IRENE DUENEZ
INDIVIDUALLY AND AS NEXT FRIENDS OF ASHLEY
DUENEZ, A MINOR, Appellees. 
 



On appeal from the County Court at Law of Calhoun County, Texas.




 M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza

                             Opinion by Chief Justice Valdez
 
       Appellants, Blue Cross Blue Shield of Texas and Health Care Service Corporation
(collectively “Blue Cross”), appeal the award of attorneys’ fees granted by the trial
court in favor of appellees, Xavier Duenez and Irene Duenez, individually and as next
friends of Ashley Duenez. Because we conclude that the Duenezes properly presented
their claim for declaratory relief to a trial court, we affirm.
Background
         The underlying case originally involved the issue of whether skilled private
nursing is a covered benefit under Blue Cross’s health care insurance plan. The
Duenezes’ daughter Ashley was injured by a drunk driver in a car accident and left in
a semi-vegetative state requiring constant medical care. Upon being informed by Blue
Cross that Ashley’s care was being discontinued, the Duenezes brought a declaratory
judgment action seeking attorneys’ fees, a declaration that their daughter’s condition
was covered under Blue Cross’s health insurance policy, and a permanent injunction
to prevent Blue Cross from ceasing care. The Duenezes also requested a preliminary
injunction ordering Blue Cross to refrain from terminating the private nursing care while
the declaratory action was proceeding. The trial court granted the temporary
injunction, which we affirmed in a memorandum opinion. See Blue Cross Blue Shield
v. Duenez, No. 13-99-793-CV, 2000 Tex. App. LEXIS 6954 at *15 (Tex.
App.–Corpus Christi Oct. 12, 2000, no pet.) (not designated for publication).
         The declaratory judgment action against Blue Cross continued. Before a
decision was rendered, the Duenezes changed insurance providers due to a change in
Xavier’s employment. The Duenezes accordingly non-suited the declaratory relief and
permanent injunction claims, as Blue Cross was no longer Ashey’s care provider, and
sought only their reasonable attorneys’ fees at trial. Blue Cross filed an answer but
failed to appear. The trial court awarded the Duenezes $32,000 in attorneys’ fees. 
         Blue Cross now appeals from the trial court’s order, arguing that the trial court
erred in granting attorneys’ fees under the declaratory judgment act because (1) the
claim was derived from the Texas Employees Uniform Group Insurance Benefits Act
(“ERS Act”), which does not provide for attorneys’ fees, (2) the Duenezes’ claim for
declaratory relief was mooted before a determination on the merits was reached, (3)
the Duenezes’ declaratory and injunctive claims were duplicative with the temporary
injunctive relief already granted, and (4) the granting of attorneys’ fees in an insurance
case was contrary to Texas case law.


 
Declaratory Relief
         In its first issue, Blue Cross argues that because the Duenezes’ claim arose from
the ERS Act, the trial court should not have granted attorneys’ fees, as the Duenezes
were required to first exhaust their administrative remedies under the ERS Act before
filing a claim in court, and furthermore, the relief available from the Texas Employees
Retirement System (“ERS”) Board in the ERS Act does not include attorneys’ fees. 
The Duenezes respond by asserting that their claim was brought under the Declaratory
Judgment Act, the ERS Act did not apply to their claim, and exhaustion of
administrative remedies was therefore unnecessary. 
         We construe Blue Cross’s claim as raising a question of the trial court’s subject
matter jurisdiction over an ERS matter. Whether an agency has exclusive or primary
jurisdiction is a question of law we review de novo. Subaru of America, Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212, 222 (Tex. 2002). Under a de novo standard,
the appellate court exercises its own judgment, and the trial court's decision is
afforded no deference. Quick v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998).
         At the time the case was filed, a cause of action involving the ERS Act was
derived from statute, meaning that the ERS Act’s statutory provisions were
mandatory, exclusive and had to be complied with in all respects. Nobles v.
Employees Ret. Sys. of Texas, 53 S.W.3d 483, 487 (Tex. App.–Austin 2001, no
pet.). The governing statute vested the executive director or trustee of the ERS Board
with exclusive authority to determine all questions relating to enrollment or payment
of claims arising from programs or coverage provided to government employees under
the ERS Act. See Tex. Ins. Code Ann. art. 3.50-2 § 4B, repealed by Acts 2001, ch.
1419, § 31(a) (effective June 1, 2003). A claimant contesting denial of payment or
disputing an enrollment decision had to exhaust all administrative remedies available
under the Act, including seeking a decision from the ERS Board, before seeking judicial
review in a court of law. See id. This derivation of authority from statute, however,
meant that the ERS Board could only exercise those powers conferred upon it by the
clear and express language of the statute or those necessarily implied from such
statutorily-conferred authority. Montgomery v. Blue Cross Blue Shield, 923 S.W.2d
147, 150 (Tex. App.–Austin 1996, writ denied). The ERS Act does not specially
provide the ERS Board with the authority or jurisdiction to handle claims not involving
questions relating to enrollment or payment of claims, and therefore the board is
without jurisdiction over other kinds of potential claims that could arise from the ERS
Act. See id. at 151-52. 
         In their petition before the trial court, the Duenezes requested the following
relief: (1) a temporary restraining order (“TRO”) and preliminary injunction to continue
Ashley’s care during the pendency of the case, (2) a judicial declaration that private
duty nursing for Ashley is a covered benefit of the insurance contract, and (3) a
permanent injunction requiring that such care continue indefinitely. These claims relate
to the extent of the insurance plan’s coverage and the need to continue care that had
previously been provided, and do not relate to disputes over enrollment or payment. 
See Tex. Ins. Code Ann. art. 3.50-2 § 4B, repealed by Acts 2001, ch. 1419, § 31(a)
(effective June 1, 2003) (giving ERS authority to adjudicate issues relating to
enrollment or claims payment). The ERS Board could only compel payment from Blue
Cross and could not grant declaratory or injunctive relief. See id. As it would be futile
to seek remedies from an administrative agency with no statutory authority to grant
those remedies, we conclude that the Duenezes were not required in this case to
exhaust administrative remedies before seeking relief from the trial court.
         The Duenezes’ claim is, however, undeniably linked to the ERS Act, as the
Duenezes were covered by an insurance plan administered by the ERS. Therefore we
must determine whether attorneys’ fees can be properly awarded in an action related
to the ERS Act. 
         The ERS Act does not authorize the ERS Board to grant statutory interest or
attorneys’ fees to the policyholder or beneficiary under article 3.50-2. See Tex. Ins.
Code Ann. art. 3.50-2 § 4B, repealed by Acts 2001, ch. 1419, § 31(a) (effective June
1, 2003); Beyer v. Employees Ret. Sys., 808 S.W.2d 622, 626 (Tex. App.–Austin
1991, writ denied). However, other sections of the Texas Insurance Code do provide
for the payment of such fees when disputes are adjudicated in a court proceeding, and
not by an administrative board. See Tex. Ins. Code Ann. art. 21.55 § 6 (Vernon Supp.
2004); see also Tex. Ins. Code Ann. art. 3.62, repealed by Act of May 27, 1991, 72d
Leg., R.S., ch. 242, § 12.01(2), 1991 Tex. Gen. Laws 939, 1133. Furthermore, the
Duenezes requested declaratory relief pursuant to the Declaratory Judgment Act, under
which a court may award reasonable and necessary attorneys fees as are equitable and
just. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997). Therefore,
given that the Duenezes’ claim was presented to a trial court pursuant to the
Declaratory Judgment Act, we conclude that the trial court did not err in granting
attorneys’ fees. Accordingly, Blue Cross’s first issue on appeal is overruled. 
Mootness
         By its second issue on appeal, Blue Cross asserts that the Duenezes were not
entitled to attorneys’ fees under the Declaratory Judgment Act because their claims
for injunctive and declaratory relief were mooted before a determination on the merits
was made. The Duenezes were covered by a different insurance company due to a
change in Xavier’s employment by the time of the hearing before the trial court and,
as a result, the Duenezes’ primary claims for declaratory and injunctive relief were
rendered moot and non-suited. However, because the Duenezes had already retained
counsel, initiated proceedings, and obtained a temporary injunction pending the trial
on the merits, they had already accrued significant attorneys’ fees, which they
requested from the trial court despite the non-suiting of the remainder of their claim. 
          The Declaratory Judgment Act provides that a trial court may award costs and
necessary and reasonable attorneys’ fees in any proceeding initiated under the
Declaratory Judgment Act. See id. The statute does not require that the fees only be
awarded “as a result of any trial accruing or judgment rendered” under the Declaratory
Judgment Act. See id.; Falls County v. Perkins & Cullum, 798 S.W.2d 868, 871 (Tex.
App.–Fort Worth 1990, no writ). The award of attorneys’ fees in declaratory
judgment actions is clearly within the trial court’s discretion and is not dependant on
a finding that a party substantially prevailed. See Barshop v. Medina County
Underwater Conservation Dist., 925 S.W.2d 618, 637 (Tex. 1996); Nat’l Café Servs.
Ltd. v. Podaras, 148 S.W.3d 194, 198 (Tex. App.–Waco 2004, pet. denied). 
         Given the language in the Declaratory Judgment Act and case law indicating
that a party need not prevail in its claim in order to receive attorneys’ fees, we cannot
conclude that the trial court abused its discretion in awarding attorneys’ fees despite
the non-suiting of the underlying declaratory claim. Blue Cross’s second issue is
overruled. 
Duplicative Claims
         By its third issue on appeal, Blue Cross argues that the Duenezes are not entitled
to attorneys’ fees under the Declaratory Judgment Act because their declaratory and
injunctive claims are duplicative, with the declaratory relief requested being no
different in essence or degree than the injunctive relief initially obtained by temporary
injunction. Blue Cross asserts on appeal that the declaratory claim was used merely
as a means to recover attorneys’ fees not otherwise awardable. 
         Courts are to prevent the duplicative use of the Declaratory Judgment Act solely
as a means to obtain otherwise unrecoverable attorneys’ fees. See Tex. A&M Univ.
Sys. v. Luxemburg, 93 S.W.3d 410, 425-26 (Tex. App.–Houston [14th Dist.] 2002,
pet. denied). We must review the requested relief and determine whether the
declaratory relief seeks greater or different relief than other claims asserted in the case. 
See id.; Univ. of Tex. v. Ables, 914 S.W.2d 712, 717 (Tex. App.–Austin 1996, no
writ).
         The Duenezes requested and were awarded preliminary injunctive relief while
the trial was pending. According to their petition, they requested the TRO and
preliminary injunction in order to ensure that nursing care for Ashley continued during
the pendency of the case, at least until the determination of the issue of whether Blue
Cross was required to provide such services. The Duenezes also requested a
permanent injunction to ensure such care was provided indefinitely and, in conjunction
with that request, a judicial declaration that private duty nursing for Ashley was a
covered benefit in the insurance contract.
         There is a difference in scope and degree between the preliminary relief
requested and the permanent declaratory relief requested. The temporary injunction
was intended solely to preserve the status quo and prevent irreparable harm, see In re
Newton, 146 S.W.3d 648, 651 (Tex. 2004), and did not involve any determination
that Blue Cross was actually obligated to continue care beyond the parameters of that
temporary injunction. The permanent declaratory relief requested would have bound
Blue Cross for an indefinite duration and would have rendered it legally responsible and
thus liable for the provision of such care. We conclude that the declaratory relief was
not duplicative with the preliminary injunctive relief, and accordingly, we overrule Blue
Cross’s third issue on appeal.
Prior Case Law 
         By its fourth issue on appeal, Blue Cross argues that the attorneys’ fees
awarded to the Duenezes are neither equitable nor just under the Blount-Beyer-Butler-Perkins line of cases. Blue Cross argues that the trial court abused its discretion in
awarding attorneys’ fees by misapplying the law established in these prior cases to
these facts.
         We note initially that we have already concluded that neither case law nor the
ERS Act prevented the trial court from awarding reasonable and necessary attorneys’
fees in this case. We further note that the four cases relied upon by Blue Cross all
involve the jurisdiction of the ERS under article 3.50-2. See Employees Retirement
Sys. of Tex. v. Blount, 709 S.W.2d 646, 646 (Tex. 1986); Perkins v. Group Life &
Health Ins. Co., 49 S.W.3d 503, 504 (Tex. App.–Austin 2001, pet. denied); Butler v.
Group Life & Health Ins. Co., 962 S.W.2d 296, 298 (Tex. App.–Austin 1998, no
pet.); Beyer, 808 S.W.2d at 623-24. Each of these cases involved questions relating
to enrollment or payment of claims arising from programs or coverage provided to
government employees under the Act, that is, questions properly considered by the
ERS Board within its statutory authority. See Blount, 709 S.W.2d at 646-47; Perkins,
49 S.W.3d at 506; Butler, 962 S.W.2d at 298; Beyer, 808 S.W.2d at 623-24; see
also Tex. Ins. Code Ann. art. 3.50-2 § 4B, repealed by Acts 2001, ch. 1419, § 31(a)
(effective June 1, 2003). They also all involved claims initially raised by the
beneficiary before the ERS Board and denied, which were then appealed to a trial
court. See Blount, 709 S.W.2d at 646; Perkins, 49 S.W.3d at 504-05; Butler, 962
S.W.2d at 298; Beyer, 808 S.W.2d at 624. Conversely, the current case before us
involves a claim outside the scope of the ERS’s authority which was never presented
to the ERS Board and accordingly never denied. Given the inapplicability of the case
law developed in this line of cases to the controversy before us, we do not find the
trial court’s order awarding attorneys’ fees to be other than “equitable and just,” as
Blue Cross contends. Accordingly, Blue Cross’s fourth and final issue on appeal is
overruled. 
Conclusion
We affirm the judgment of the trial court.
        





                                                                                                    

                                                             Rogelio Valdez,
                                                                        Chief Justice

 

Memorandum Opinion delivered and filed
this 26th day of May, 2005.