# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00008-CV

**Onion Creek Luxury Apartments, Appellant**

**v.**

**Rebecca Powell, Helen Powell and All Other Occupants, Appellees**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-10-009958, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Onion Creek Luxury Apartments (Onion Creek), brought a forcible-detainer action seeking possession of the apartment in which appellee Rebecca Powell (Powell) lives,[1] alleging that she failed to timely pay her rent for September 2010. *See* Tex. Prop. Code Ann. § 24.002 (West 2000). Following a trial de novo, the county court at law rendered a take-nothing judgment against Onion Creek and awarded Powell $3,200 in attorney's fees. Onion Creek appeals, asserting that (1) the trial court erred in admitting evidence that Powell had paid the rent due for September 2010, and (2) the evidence was factually insufficient to support the trial court's finding

---

[1] In addition to naming Rebecca Powell as a defendant, the suit named Helen Powell and "all other occupants" of the apartment, and these persons are likewise parties to the trial court's judgment and this appeal. The evidence established that although Helen Powell had co-signed the lease, she lives outside of Texas, and that Rebecca Powell has at all times been the sole occupant of the apartment. We therefore refer to Rebecca Powell as though she were the only defendant and appellee.

that Onion Creek had agreed to allow Powell to pay rent later than specified in the lease as a reasonable accommodation for a disability she had. We will affirm the judgment.

The evidentiary record reflects that the parties hotly disputed a multitude of facts and legal issues bearing, to varying degrees, on their respective rights of possession. Onion Creek asserted that it had sought to evict Powell solely on the ground that it did not "timely" receive her rent—i.e., by the first of the month, a requirement contained in the lease—for September 2010. Powell, on the other hand, testified that Onion Creek is trying to evict her in retaliation for requesting repairs to her apartment and the premises in August of 2010. Powell further testified that Onion Creek had agreed that she could pay her rent after the first of the month, given that her sole source of income is social security disability payments that she receives around the third of each month, and that she had typically paid her monthly rent around that date. Onion Creek presented conflicting testimony as to whether it had entered into a specific late-payment agreement with Powell, but its witnesses consistently acknowledged that Onion Creek had a policy of allowing residents receiving social security payments to submit rent on or after the day they received their social security checks. Likewise, Onion Creek agrees that it considered all of Powell's payments of rent timely except for the rent due in September 2010.

Onion Creek's manager, Heather Shelby, testified that, having not "timely" received rent from Powell, Shelby attempted on September 3 to deliver a "notice to vacate" by "slid[ing] it through the door and tap[ing] a little piece of it to the outer portion of the door." A copy of the notice that Shelby claims to have delivered was in evidence. It required Powell to vacate the apartment no later than midnight on September 4, although it included an exception for recipients

2

of social security, who, according to the notice, could pay rent without late fees until September 15, and against whom an eviction proceeding would not be initiated until September 16. However, Powell testified that she never received any notice to vacate.

Powell further testified that she paid the rent for September by leaving it in the apartment complex's drop box on September 3, and that she was unaware of any potential problems with the payment until September 8, when she noticed in her bank account records that her check had not cleared. Powell testified that she called the Onion Creek office that day and inquired whether she needed to write them another rent check. The office staff advised her that the company had already initiated eviction proceedings. In fact, Onion Creek filed its eviction suit that day, and a hearing was set in the justice court for September 22.

The evidence additionally reflects that Powell sent a letter to Onion Creek on September 9, explaining that the office managers had refused her attempts to pay rent and asking that they cease this practice. Shelby responded to the September 9 letter in a letter dated September 20. In the letter, Shelby asserted essentially that because it was by then after the fifteenth of September, Onion Creek would no longer accept Powell's rent payment under any circumstances. Also on September 20, Shelby posted a notice of abandonment on Powell's door that required Powell to provide written notice within two days that she had not abandoned her apartment or she would lose her right of possession to the apartment. Powell provided a written response on the same day.

The case ultimately proceeded to a de novo trial in the county court at law, which rendered a take-nothing judgment against Onion Creek. The trial court issued findings of fact and conclusions of law supporting multiple legal theories by which Powell was entitled to retain

3

possession of the apartment. One of these theories was that Onion Creek had failed to provide Powell with the statutorily-required notice to vacate before filing the forcible-detainer action. *See* Tex. Prop. Code Ann. § 24.002; *id.* § 24.005 (West Supp. 2010); *Employees Ret. Sys. of Tex. v. Blount*, 709 S.W.2d 646, 647 (Tex. 1986) ("statutory provisions are mandatory and exclusive and must be complied with in all respects"); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (statutorily sufficient written demand for possession is an element of forcible detainer); *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (landlord must strictly comply with section 24.002 requirements which state that landlord must make written demand for possession in compliance with section 24.005 requirements for notice to vacate).

Although the parties' dispute on appeal has focused primarily on other findings and legal theories, we cannot overlook that the trial court's finding or conclusion regarding absence of notice: (1) establishes an independent ground supporting the judgment, and (2) is not challenged by Onion Creek, aside from a single assertion that the "uncontroverted evidence" establishes that it gave notice. To the extent that we could construe this assertion as a challenge to the sufficiency of the evidence supporting the trial court's finding or conclusion, we would overrule that challenge. Onion Creek's proof that it provided the required notice rested upon the credibility of Shelby, who testified that she delivered notice by sliding it partially through the door to Powell's apartment. *See* Tex. Prop. Code Ann. § 24.005(f) (specifying that if the dwelling has no mailbox and other circumstances are met, "the landlord may securely affix the notice on the outside of the main entry door"). Conversely, Powell testified that no such notice ever appeared at her apartment. The

4

trial court thus had to resolve conflicting factual accounts based on its assessments of the witnesses' credibility.  The trial court, as the finder of fact, is the sole judge of the credibility of witnesses and the weight to be given their testimony, and we will not disturb the court's resolution of evidentiary conflicts that turn on credibility determinations or the weight of the evidence.  *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 914 (Tex. App.—Austin 1998, pet. denied); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).  We hold that the evidence is sufficient to sustain the trial court's finding or conclusion that Onion Creek failed to provide notice as required by section 24.005 of the property code.

Because this finding or conclusion independently supports the trial court's judgment regardless of how we might resolve the parties' other contentions, we affirm the judgment without reaching Onion Creek's issues.  *See* Tex. R. Civ. P. 47.1(a); *cf. Texas Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (observing that courts are prohibited from issuing advisory opinions).

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   August 31, 2011