Montgomery2 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00416-CV







Richard Montgomery, Shirley Montgomery and Stacy Montgomery, Appellants



v.



Blue Cross and Blue Shield of Texas, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 92-03489, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING







 Pursuant to Rule 79 of the Texas Rules of Appellate Procedure, this Court, on its
own motion, elected to resubmit this case en banc. Tex. R. App. P. 79.

 Appellants, Richard Montgomery, Shirley Montgomery, and their daughter Stacy
Montgomery ("the Montgomerys"), appeal an order granting summary judgment in favor of
appellee Blue Cross and Blue Shield of Texas, Inc. ("Blue Cross") and denying their motion for
partial summary judgment. We will reverse the summary judgment in favor of Blue Cross and
remand the case to the trial court for further proceedings consistent with this opinion. 



BACKGROUND


 Employees Retirement System of Texas ("ERS") was created by statute to offer
health insurance to state employees and their dependents. See Tex. Ins. Code Ann. § 3.50-2
(West 1981 & Supp. 1996). As a result, ERS established the Uniform Group Insurance Program
and Plan ("the Plan"), and Blue Cross was selected to administer the Plan on behalf of ERS. As
an employee of the State Comptroller's Office, Richard Montgomery and his family were covered
under a group life and health insurance policy through Blue Cross. 

 In December 1989, Stacy Montgomery underwent a reduction mammoplasty to
correct a hereditary congenital disease known as mammary hypertrophy, and Blue Cross
recommended only partial payment be made on the claim. In response to the Montgomerys'
request for reconsideration of their claim, Blue Cross not only again denied the claim, contending
that the surgery was cosmetic, but further requested that the Montgomerys refund the benefits they
had already received. The Montgomerys appealed this denial to ERS which upheld the denial but
directed that there be no refund of those benefits previously paid. The Montgomerys then
appealed to the Board of Trustees of ERS requesting a contested case hearing, but before the
hearing took place, Blue Cross agreed to pay the claim and the administrative proceeding was
settled.

 Because of Blue Cross's conduct in handling their initial insurance claim, the
Montgomerys filed suit in March 1992 against Blue Cross in Travis County District Court (cause
no. 92-03489). The Montgomerys asserted a breach of a claimed duty of good faith and fair
dealing, violation of article 21.21 of the Texas Insurance Code, and violation of the Deceptive
Trade Practices-Consumer Protection Act ("extra-contractual claims"). See Tex. Ins. Code Ann.
art. 21.21 (West 1981 & Supp. 1996); Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 1987
& Supp. 1996).

 While this suit was pending, the Montgomerys, apparently in an attempt to respond
to this Court's opinion in Testoni v. Blue Cross & Blue Shield of Texas, Inc., 861 S.W.2d 387
(Tex. App.--Austin 1992, no writ), asked ERS to consider these extra-contractual claims. (1) ERS
denied the request for a hearing, and the Montgomerys appealed this denial. An administrative
law judge heard the appeal and issued a Proposal for Decision in which he recommended denial
of the Montgomerys' appeal; the ERS Board of Trustees adopted the Proposal. After their motion
for rehearing was overruled by operation of law in March 1994, the Montgomerys sought judicial
review of the Board's denial of their appeal in Travis County District Court (cause no. 94-06290). 
This suit for judicial review was consolidated into the Montgomerys' original suit for extra-contractual damages (cause no. 92-03489).

 In April 1995, Blue Cross filed a Motion to Dismiss and Motion for Summary
Judgment. Blue Cross sought to dismiss that portion of the consolidated proceeding that was a
judicial review of the Board of Trustees' denial of the Montgomerys' appeal on the ground that
the Montgomerys failed to serve ERS, a state agency, with the petition to initiate judicial review. 
See Tex. Gov't Code Ann. § 2001.176 (West 1996). Blue Cross also sought summary judgment
as to the remaining portion of the proceeding which consisted of the suit for extra-contractual
damages filed directly in district court in March 1992. In support of its motion for summary
judgment, Blue Cross asserted that the Montgomerys were barred by res judicata from pursuing
these claims. The Montgomerys also filed a motion for partial summary judgment claiming that
res judicata did not bar their claims since ERS does not have the authority or jurisdiction to
adjudicate extra-contractual claims.

 In May 1995, the trial court granted both Blue Cross's motion to dismiss and its
motion for summary judgment and denied the Montgomerys' motion for partial summary
judgment. On appeal, the Montgomerys do not challenge the trial court's order as to Blue Cross's
motion to dismiss.



DISCUSSION


 In their sole point of error, the Montgomerys assert that the trial court erred in
granting Blue Cross's motion for summary judgment and in denying their motion for partial
summary judgment. The standards for reviewing a summary judgment are well established: (1)
the movant for summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the
non-movant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). The purpose of the summary judgment rule is to eliminate
patently unmeritorious claims and defenses, rather than to deprive litigants of the right to a jury
trial. Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp., 905 S.W.2d 318, 319 (Tex.
App.--Dallas 1995, writ denied) (citing Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931
(1952)).

 The Montgomerys argue that summary judgment based on res judicata, the sole
ground alleged by Blue Cross in its motion, was inappropriate. The Montgomerys claim that the
extra-contractual causes of action could not have been finally adjudicated in a prior suit because
ERS lacked subject matter jurisdiction over such claims and, therefore, res judicata is
inapplicable. The Montgomerys further assert that, because the statute only provides ERS with
jurisdiction to adjudicate the question of coverage under the insurance policy, there were no
possible administrative remedies to exhaust. In other words, the Montgomerys claim that it would
be futile to seek remedies from an administrative agency with no statutory authority to grant those
remedies. According to the Montgomerys, the only remedy ERS can grant is the payment of
contractual benefits under the policy, and state employees would therefore be left without a
remedy if they are forced to submit extra-contractual claims to ERS. The Montgomerys note that
article 3.50-2 of the Insurance Code does not provide that its remedies are exclusive of those
provided by common law and by other statutes and that the legislature could easily have written
in such a provision had it intended such a result. 

 In response, Blue Cross contends that, by failing to challenge on appeal the trial
court's ruling that it lacked jurisdiction to consider their administrative appeal, the Montgomerys
have waived any error by the trial court or by ERS. Blue Cross asserts that, because of this
waiver, we are precluded from considering whether ERS has jurisdiction and authority to consider
the extra-contractual claims. Even if we were to consider this argument, Blue Cross contends that
this Court's opinion in Testoni v. Blue Cross and Blue Shield of Texas, Inc., 861 S.W.2d 387
(Tex. App.--Austin 1992, no writ), is dispositive of this appeal.

 The district court's order in this case fails to specify on what basis it granted Blue
Cross's motion for summary judgment. However, the sole ground in the motion asserts that the
Montgomerys are barred by res judicata from asserting their extra-contractual claims, and we must
affirm the summary judgment if that theory is meritorious. See State Farm Fire & Casualty Co.
v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Rogers v. Ricane Enter. Inc., 772 S.W.2d 76, 79
(Tex. 1989). 

 The doctrine of res judicata, or claims preclusion, prohibits an individual from
relitigating, in a second suit, any claims that have been finally adjudicated as well as related
matters that, with the use of diligence, should have been litigated. Barr v. Resolution Trust
Corp., 837 S.W.2d 627, 628 (Tex. 1992). "The policies behind the doctrine reflect the need to
bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions,
promote judicial economy, and prevent double recovery." Id. at 629.

 Res judicata only applies if there is an existing final judgment by a court of
competent jurisdiction. Public Util. Comm'n v. Coalition of Cities for Affordable Util. Rates, 776
S.W.2d 224, 226 (Tex. App.--Austin 1989, no writ [leave denied]). The doctrine is also
applicable to the relitigation of claims previously determined by an administrative agency. See
Al-Jazrawi v. Texas Bd. of Land Surveying, 719 S.W.2d 670, 671 (Tex. App.--Austin 1986, writ
ref'd n.r.e.); see also Coalition of Cities, 776 S.W.2d at 227. Res judicata does not bar a claim
if the court rendering judgment in the initial suit lacked subject-matter jurisdiction over the claim. 
Browning v. Navarro, 887 F.2d 553, 558-58 (5th Cir. 1989) (citing Restatement (Second) of
Judgments § 26(1)(C) (1982)). In other words, a claim is not barred by res judicata if it could not
have been brought. Holloway v. Starnes, 840 S.W.2d 14, 19 (Tex. App.--Dallas 1992, writ
denied), cert. denied, 114 S. Ct. 93 (1993). 

 ERS can only exercise those powers conferred upon it by the clear and express
language of the statute or those necessarily implied from such statutorily-conferred authority. See
City of Sherman v. Public Util. Comm'n, 643 S.W.2d 681, 686 (Tex. 1983). The Texas
Employees Uniform Group Insurance Benefits Act (the "Act") established a plan for the purchase
of group life, accident, and health insurance for State employees. Tex. Ins. Code Ann. art. 3.50-2
(West 1981 & Supp. 1996). The administration and implementation of the Act is vested solely
in the "trustee," which is the Board of Trustees of ERS. Id. §§ 3(a)(11), 4. The Act delegates
to the executive director of ERS the exclusive authority to decide in the first instance "all
questions relating to enrollment in or payment of claims arising from programs or coverages
provided under authority of this Act." Id. § 4B(a)(emphasis added). (2) 

 In Beyer v. Employees Retirement System, 808 S.W.2d 622 (Tex. App.--Austin
1991, writ denied), the Board of Trustees of ERS ordered that Eileen Beyer, as the beneficiary
of a state employee's group life policy, was entitled to $70,000 in insurance proceeds, but refused
to additionally award her interest, attorney's fees, and 12 percent additional damages for the delay
in payment of the proceeds. Id. at 624. On judicial review, the district court upheld the Board's
final order, and Eileen Beyer appealed to this Court. In affirming the judgment of the district
court, we stated:



 Section 4B [of article 3.50-2] . . . limits the Board's authority to deciding
"questions" which relate to the "payment of claims arising from programs or
coverages provided under authority of this Act." If Eileen has a legal right to
interest, attorney's fees, and the 12% additional damages, it must therefore be a
legal right authorized by the terms of the Act.

 

 Nothing in the Act explicitly gives the right to recover such additional sums
in proceedings before the Board . . . . Indeed, the Board determined, in Eileen's
case, that it lacked the authority to create that right.


Id. at 626. Notably, Beyer attempted to justify the award of additional damages by relying on
article 3.62 of the Texas Insurance Code. However, because article 3.62 was not included within
the Act [article 3.50-2], the Board in that case refused to construe it as applicable to the
proceedings at the agency level. Id. at 627.

 In 1992, this Court issued an opinion in a case involving similar issues and some
of the same parties as the case at bar. See Testoni, 861 S.W.2d 387. In Testoni, Ernest Testoni
unsuccessfully appealed the denial of a claim under his medical policy to ERS. Testoni then
sought judicial review of ERS's ruling in district court and asserted, for the first time, certain
extra-contractual claims. (3) The district court found that res judicata barred his extra-contractual
claims against Blue Cross. This Court reversed the district court's judgment insofar as it was
based on res judicata grounds, but we did not remand the cause for a new trial because we held
that the trial court lacked jurisdiction over the extra-contractual claims as well as the review of
the administrative agency decision. Id. at 390. 

 In our analysis in Testoni, we noted that Testoni's insurance coverage under his
ERS policies was created by the Legislature, rather than the common law. Id. (citing Employees
Retirement Sys. v. Blount, 709 S.W.2d 646, 647 (Tex. 1986)). Further, we noted that the Texas
Supreme Court has held that when the Legislature creates a right, it may also restrict the available
remedies as well as the means of determining their enforcement. Id. (citing Texas Catastrophe
Property Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condo. Ass'n, 706 S.W.2d 644,
645-46 (Tex. 1986)). Relying on Blount and Saida Towers, we stated in Testoni that we have
"required all statutory causes of action arising on a legislatively created claim to be brought before
the agency as part of a contested hearing." Id. We then, however, included in our discussion
the statement that:


Testoni was required first to file all of his claims for relief related to the insurance
coverage denial at the agency level before pursuing them on review in district
court. He failed to do this with his extra-contractual claims against Blue Cross. 
Therefore, those claims were barred for failure to exhaust administrative remedies,
and the district court had no jurisdiction.


Id. A careful reading of Testoni indicates that we considered the extra-contractual claims as
having more of a collateral posture in the case especially when compared to the main issues,
which were res judicata and agency jurisdiction. To the extent, however, that Testoni can be read
to require the filing of extra-contractual claims at the agency level under article 3.50-2, we
overrule it.

 Article 3.50-2 does not specifically provide ERS with the authority or jurisdiction
to handle extra-contractual claims, and we refuse to infer such authority or jurisdiction. See
Sexton v. Mount Olivet Cemetery Ass'n, 720 S.W.2d 129, 137 (Tex. App.--Austin 1986, writ ref'd
n.r.e.). Accordingly, the Montgomerys were not required to file their extra-contractual claims
at the agency level, and the district court erred in awarding summary judgment to Blue Cross. 
Summary judgment in this case would unjustly deprive the Montgomerys of their right to be heard
on their extra-contractual claims. Accordingly, we reverse the trial court's order granting
summary judgment to Blue Cross.

 Typically, in a situation where the trial court grants summary judgment and the
losing party successfully appeals, the appellate court reverses the judgment and remands the case
for a new trial. Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988). An exception arises,
however, when both parties move for summary judgment and the trial court grants one of the
motions and denies the other. Brooks County Cent. Appraisal Dist. v. Tipperary Energy Corp.,
847 S.W.2d 592, 594 (Tex. App.--San Antonio 1992, no writ); Fort Bend Cent. Appraisal Dist.
v. Hines Wholesale Nurseries, 844 S.W.2d 857, 859 (Tex. App.--Texarkana 1992, writ denied). 
In that case, the appellate court should consider all issues presented and may reverse the judgment
of the trial court and render such judgment as the trial court should have rendered, including
rendering judgment for the other movant. Jones, 745 S.W.2d at 900; Fort Bend Cent. Appraisal
Dist., 844 S.W.2d at 859. Before an appellate court may reverse summary judgment for one
party and render judgment for the other party, all parties must have sought final judgment relief
in their cross-motions for summary judgment. Runyan v. Mullins, 864 S.W.2d 785, 790 (Tex.
App.--Fort Worth 1993, writ denied); see Bowman v. Lumberton I.S.D., 801 S.W.2d 883, 889
(Tex. 1990). 

 In this case, the Montgomerys only made a motion for partial summary judgment. 
Because they have not sought final judgment relief, we cannot render judgment on their motion
even if we were so inclined to do so.



CONCLUSION


 Because we agree that ERS does not have the jurisdiction or authority to dispose
of the Montgomerys' extra-contractual claims and because res judicata is therefore not applicable
to this case, we reverse the summary judgment granted in favor of Blue Cross and remand the
case to the district court for further proceedings consistent with this opinion. 



 

 Jimmy Carroll, Chief Justice


Before the Court en banc


Reversed and Remanded


Filed: May 15, 1996


Publish

1. [1]  As will be discussed later in this opinion, we used language in Testoni that could be
construed as requiring the submission of extra-contractual claims to ERS for decision.
2.   Although the executive director's authority is described as exclusive, the Act
provides for an administrative appeal to the "trustee" as well as for judicial review of the
"trustee's" decision. Id. § 4B(c), (d); see Beyer v. Employees Retirement Sys., 808 S.W.2d
622, 625-26 (Tex. App.--Austin 1991, writ denied).
3.   These claims included breach of contract and warranty, violation of the implied
covenant of good faith and fair dealing, and violation of both the Deceptive Trade
Practices-Consumer Protection Act and article 21.21 of the Texas Insurance Code.