TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00265-CV






Metro Temps, Inc. and Metromarketing Services, Inc., Appellants




v.




Texas Workers' Compensation Insurance Facility; Wm. Rigg Co.;


and Employers Insurance of Wausau, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 95-08616, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING 






 Metro Temps, Inc. and Metromarketing Services, Inc., appeal from the trial court's orders
dismissing their claims as to Texas Workers' Compensation Insurance Facility ("TWCIF"), Wm. Rigg Co.
("Rigg"), and Employers Insurance of Wausau ("Wausau"), the appellees, based upon the appellants'
failure to exhaust their administrative remedies. The appellants contend in two points of error that the trial
court erred in granting the appellees' pleas to the trial court's jurisdiction because they were not required
to exhaust their administrative remedies and because the Harris County trial court erred in granting the
appellees' motions to transfer venue from Harris County to Travis County.

 We affirm because we conclude that where, as here, a party has claims that must be
brought before an administrative body, combined with additional claims that the administrative body has
no authority to adjudicate, and where the determination of those additional claims is dependent in part upon
the resolution of an issue or issues that the administrative body has the authority to adjudicate, the district
court is without jurisdiction to consider such additional claims until the exhaustion of administrative remedies
of those issues over which the administrative body has the authority to adjudicate. We also hold that by
failing to present us with the record before the transferring court, the appellants have preserved nothing for
review with respect to the claimed error regarding the transfer of venue from Harris to Travis County.

 The appellants' petition alleged that Metro had obtained a workers' compensation policy
through TWCIF, placed by Rigg as agent and issued and serviced by Wassau. TWCIF is a non-profit,
unincorporated association of insurers created by statute to provide insurance coverage for employers that
are unable to obtain insurance in the voluntary market. Tex. Ins. Code Ann. art. 5.76-2, §§ 2.01, 4.01
(West Supp. 1997).

 The appellants asserted that the binder to the policy provided that "no modifier and no
surcharge will apply, subject to change at anniversary rate date." They indicated that certain modifiers and
surcharges were applied before the anniversary date, resulting in a premium charge of $621,600, when the
correct charge should have been approximately $50,000.

 Metromarketing sought a declaratory judgment that it is not responsible for any part of the
premium charged. Metro sought a declaratory judgment that it did not owe the $621,600 premium, that
the rate charged and premium claimed constituted a breach of contract by all of the appellees, and asking
for a declaration of the amount due from Metro under the policy. The appellants also alleged actions
against the appellees for: (1) breach of contract through raising the rates and applying modifiers and
surcharges prior to the anniversary date, indicating that the appellants had suffered consequential damages
and that TWCIF's action was not taken in good faith; (2) fraud in attempting to collect the $621,600
premium and in improperly attempting to hold Metromarketing liable for any of such premium, again
indicating that the appellants had suffered consequential damages and that TWCIF's action was not taken
in good faith; and (3) conspiracy of the appellees to wrongfully charge the appellants the $620,600
premium, again indicating that TWCIF's action was not taken in good faith. The appellants asserted that
they were entitled to punitive damages and attorney's fees.

 All of the appellees filed pleas to the jurisdiction of the trial court, urging that the appellants
were required to exhaust their administrative remedies under section 2.08 of article 5.76-2 of the Texas
Insurance Code and that their failure to do so deprived the trial court of jurisdiction. The trial court
sustained the plea to the jurisdiction as to all of the appellees.

 Section 2.08(a) of article 5.76-2 of the Texas Insurance Code provides that an insured
aggrieved by an act or decision of the facility (TWCIF) may appeal to the board (the State Board of
Insurance, as per section 1.01(1) of the same article) not later than the 30th day after the affected party
had actual notice that the act occurred or the decision was made. Neither of the appellants made such an
appeal.

 The appellants contend in point of error number one that the trial court erred in sustaining
the appellees' pleas to the jurisdiction because the appellants were not required to exhaust their
administrative remedies. They argue that their claims are outside the authority of the Insurance Board to
adjudicate and consequently they are not required to exhaust their administrative remedies as to those
claims.

 Article 5.76-2, section 2.08(a) of the Texas Insurance Code provides an administrative
remedy for an insured that is aggrieved by an act or decision of the facility. In addition to their claims that
the Board of Insurance has no jurisdiction, the appellants have claims regarding the amount of the premium
they were charged, and, in the case of Metromarketing, whether a premium was due at all, over which the
Board of Insurance does have jurisdiction. We also note that the resolution of those issues might well
determine the remainder of the appellants' claims. Where, as here, the administrative remedies are
available for a portion of the plaintiff's claims and the resolution of that portion of the claims may be
determinative of the claims over which the administrative body has no jurisdiction, the trial court does not
have jurisdiction over the claims outside the jurisdiction of the administrative body until the plaintiff has
exhausted its administrative remedies with respect to the claims over which the administrative body does
have jurisdiction. See Producers Assistance Corp. v. Employers Ins. of Wausau, 934 S.W.2d 796, 801
(Tex. App.--Houston [1st Dist.] 1996, no writ). Because the appellants chose not to exhaust their
administrative remedies, the trial court did not err by granting the appellees' pleas to the jurisdiction and
dismissing the appellants' claims.

 The appellants rely on this court's opinion in Montgomery v. Blue Cross & Blue Shield
of Texas, Inc., 923 S.W.2d 147 (Tex. App.--Austin 1996, writ denied), and on Northwinds Abatement,
Inc. v. Employers Insurance of Wausau, 69 F.3d 1304 (5th Cir. 1995). In Montgomery, this Court
overruled in part its prior opinion in Testoni v. Blue Cross & Blue Shield, 861 S.W.2d 387 (Tex.
App.--Austin 1992, no writ) and held that it was unnecessary to file extra-contractual causes of action at
the agency level and that res judicata did not bar an action in district court based upon those claims. 
Montgomery, 923 S.W.2d at 152. This ruling was based upon the agency's lack of jurisdiction to
consider such claims. Id. at 151-52. In Northwinds, the Fifth Circuit held that the claims over which the
administrative body did not have jurisdiction would be abated while the plaintiff pursued its administrative
remedy with respect to those portions of its claim that the administrative body was empowered to
adjudicate. Northwinds, 69 F.3d at 1311.

 We find neither of these authorities to be inconsistent with our opinion in this case. In both
Montgomery and Northwinds, the plaintiffs pursued their administrative remedies with respect to those
portions of their claims that the agency had the authority to adjudicate. Montgomery, 923 S.W.2d at 148;
Northwinds, 69 F.3d at 1309-10. In Montgomery, dismissal was not in order because such claims had
been pursued and settled. Montgomery, 923 S.W.2d at 148. In Northwinds, abatement, rather than
dismissal, was appropriate because Northwinds was pursuing its administrative remedy as to such claims
while also pursuing its extra-contractual claims in district court. Northwinds, 69 F.3d at 1309-10. In the
case at bar, dismissal is in order because the appellants did not pursue their administrative remedies as to
those claims that the Board of Insurance could have adjudicated, thereby depriving the district court of
jurisdiction over their additional claims.

 We note that the court in Producers Assistance also considered both Montgomery and
Northwinds in its opinion. See Producers Assistance, 934 S.W.2d at 800-01. We overrule point of
error number one.

 The appellants urge in point of error number two that the Harris County district court erred
in granting the appellees' motion to transfer venue from Harris County to Travis County. Our record does
not include the pleadings before the Harris County trial court when it granted the motion to transfer venue
and plea to the jurisdiction, nor a statement of facts, if any. Consequently, nothing is presented for review. 
We overrule point of error number two.

 The order dismissing the appellants' causes of action against the appellees is affirmed.


 

 John G. Hill, Justice

Before Justices Powers, Jones and Hill*

Affirmed

Filed: July 24, 1997

Publish






* Before John G. Hill, Chief Justice (former), Court of Appeals, Second District of Texas. Sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



trative body until the plaintiff has
exhausted its administrative remedies with respect to the claims over which the administrative body does
have jurisdiction. See Producers Assistance Corp. v. Employers Ins. of Wausau, 934 S.W.2d 796, 801
(Tex. App.--Houston [1st Dist.] 1996, no writ). Because the appellants chose not to exhaust their
administrative remedies, the trial court did not err by granting the appellees' pleas to the jurisdiction and
dismissing the appellants' claims.

 The appellants rely on this court's opinion in Montgomery v. Blue Cross & Blue Shield
of Texas, Inc., 923 S.W.2d 147 (Tex. App.--Austin 1996, writ denied), and on Northwinds Abatement,
Inc. v. Employers Insurance of Wausau, 69 F.3d 1304 (5th Cir. 1995). In Montgomery, this Court
overruled in part its prior opinion in Testoni v. Blue Cross & Blue Shield, 861 S.W.2d 387 (Tex.
App.--Austin 1992, no writ) and held that it was unnecessary to file extra-contractual causes of action at
the agency level and that res judicata did not bar an action in district court based upon those claims. 
Montgomery, 923 S.W.2d at 152. This ruling was based upon the agency's lack of jurisdiction to
consider such claims. Id. at 151-52. In Northwinds, the Fifth Circuit held that the claims over which the
administrative body did not have jurisdiction would be abated while the plaintiff pursued its administrative
remedy with respect to those portions of its claim that the administrative body was empowere