**Barbara Anne FODGE, Appellant,**

v.

**AMERICAN MOTORIST INSURANCE COMPANY and Thom Gibson, Appellee.**

**No. 05–97–00981–CV.**

Court of Appeals of Texas, Dallas.

April 18, 2000.

Richard G. Danner, Jr., Dallas, for Appellant.

Leah Kimberly Steele, Jordan & Carmona, Dallas, for Appellee.

Before Chief Justice THOMAS and Justices POFF [1] and ROSENBERG.[2]

## OPINION

POFF, Justice (Retired).

Barbara Anne Fodge sued American Motorists Insurance Company and Thom Gibson (collectively "AMICO") for breach of the duty of good faith and fair dealing and violations of the Texas Deceptive Trade Practices Act (DTPA), and article 21.21 of the Texas Insurance Code. Fodge alleged that AMICO delayed, underpaid or denied certain medical benefits on her behalf. The trial court granted AMICO's plea to the jurisdiction and motion to dismiss. In two points of error, Fodge contends the trial court erred in granting the plea to the jurisdiction and motion to dismiss, or in the alternative, erred in dismissing rather than abating the suit. We reverse the trial court's judgment and remand for further proceedings.

### FACTUAL BACKGROUND

The suit arises out of a workers' compensation claim filed by Fodge as a result of an injury that occurred while Fodge was employed by Dallas Diagnostic Associa-

tion. At the time of the incident, AMICO provided workers' compensation insurance to Dallas Diagnostic Association and its employees. Thom Gibson was employed as an adjuster with AMICO at the time of Fodge's claims. Fodge claims she filed a workers' compensation claim for disability benefits with the Texas Workers' Compensation Commission (TWCC). Fodge asserts that, during the course of handling her disability benefits claim, AMICO denied her the proper medical treatment which caused her medical condition to worsen. AMICO asserts Fodge never submitted the claims to the TWCC and, further, they provided Fodge with all necessary benefits.

### STANDARD OF REVIEW

A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *See Texas Parks & Wildlife Dept. v. Garrett Place Inc.*, 972 S.W.2d 140, 142 (Tex.App.—Dallas 1998, no pet.); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied). The plaintiff bears the burden of alleging facts affirmatively showing the trial court has subject-matter jurisdiction. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). When deciding to grant a plea to the jurisdiction, the trial court bases its decision solely on the allegations in the petition. *See Garrett*, 972 S.W.2d at 142–43; *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex. App.—Austin 1994, writ denied). Dismissing a cause of action for lack of subject-matter jurisdiction is only proper when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *See Sharp*, 874 S.W.2d at 739. Because the

---

1. The Honorable H. Bryan Poff, Jr., Retired Justice, Court of Appeals, Seventh District of Texas at Amarillo, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). The trial court does not look at the merits of the case. *See Huston v. Federal Deposit Ins. Corp.*, 663 S.W.2d 126, 130 (Tex.App.—Eastland 1983, writ ref. n.r.e.).

## MOTION TO DISMISS

In point of error one, Fodge contends the trial court erred in granting AMICO's plea to the jurisdiction and motion to dismiss. Fodge asserts her "bad faith" claims against AMICO are separate and independent from any claim for benefits under the Texas Workers' Compensation Act (TWCA). AMICO contends Fodge was required to exhaust all her administrative remedies before filing a cause of action regarding her alleged injuries sustained in the course of her employment.

■■■■ An insurer breaches its duty of good faith and fair dealing when "the insurer [has] no reasonable basis for denying or delaying payment of [a] claim, and [the insurer] knew or should have known that fact." *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex.1997) (*quoting Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex.1994)). Liability as a result of a carrier's breach of the duty of good faith and fair dealing or intentional misconduct in the processing of a compensation claim is distinct from liability for the injury arising in the course of employment. *See Aranda v. Ins. Co. of North America*, 748 S.W.2d 210, 214 (Tex.1988). Injury from the carrier's conduct arises out of the contractual relationship between the carrier and the employee and is sustained after the job-related injury. *See id.* An employee may have one claim against his employer under the Texas Workers' Com-

pensation Act and another claim at common law for an intentional tort. *See Aranda*, 748 S.W.2d at 214; *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex.1983). The manner in which an insurance company handles a worker's compensation claim can result in a breach of a company's duty of good faith and fair dealing.

AMICO contends that although the administrative system may not be empowered to adjudicate or provide full relief on all claims arising out of a grievance, a party must exhaust all administrative remedies for claims the agency could resolve, before the remaining matter may be tried before a court. AMICO relies on *Metro Temps, Inc. v. Texas Workers' Compensation Ins. Facility*, 949 S.W.2d 534 (Tex. App.—Austin 1997, no writ), for this proposition. In *Metro Temps*, the suit did not involve a claim for an injured worker's benefits under the TWCC, but rather a dispute over the workers' compensation insurance premiums. The court held where administrative remedies are available for a portion of the plaintiff's claims and the resolution of that portion of the claims may be determinative of the claims over which the administrative body has no jurisdiction, the trial court does not have jurisdiction over the claims outside the jurisdiction of the administrative body until the plaintiff has exhausted its administrative remedies. *See Metro Temps*, 949 S.W.2d at 536.

Further, AMICO asserts the trial court acted properly in dismissing Fodge's claims under the authority of *Producers Assistance Corp. v. Employers Ins. of Wausau*, 934 S.W.2d 796 (Tex.App.—Houston [1st Dist.] 1996, no writ). In *Producers*, Producers Assistance sought to recover payments for an injury claim Wausau Insurance denied. Producers Assistance also sought damages for breach of contract and breach of the duty of good

faith and fair dealing. Wausau argued Producers Assistance failed to exhaust all administrative remedies before the Texas Workers Compensation Commission (TWCC). The court concluded when a plaintiff has claims that must be brought before an administrative body, combined with additional claims the administrative body has no authority to adjudicate, the trial court has no jurisdiction to consider the additional claims until the plaintiff has exhausted his or her administrative remedies regarding the claims over which the administrative body has the power to adjudicate. *See Producers*, 934 S.W.2d at 801.

We find *Metro Temps* and *Producers Assistance* distinguishable from the present case. Unlike the plaintiffs in *Metro Temps* and *Producers Assistance*, Fodge did not join claims for compensation under the TWCA and incidental damages founded upon a breach of the duty of good faith and fair dealing, violations of the DTPA, and the Insurance Code. Fodge did not request damages for expenses AMICO did not pay, but her pleadings and request for relief were limited to those damages caused by AMICO's alleged intentional acts within the context of AMICO's relationship with Fodge. Further, unlike the plaintiffs in *Metro Temps* and *Producers Assistance*, Fodge secured a ruling from the TWCC regarding her original claim for disability benefits.

However, *Metro Temps* and *Producers Assistance* do not address to what degree a worker must exhaust his administrative remedies to maintain a suit for breach of the duty of good faith and fair dealing, violations of the DTPA, and the Insurance Code. Courts have concluded that to the extent a plaintiff attempts to recover damages related to lost compensation benefits allegedly caused by the misrepresentations or deceptive trade practices, the TWCA provides the exclusive means of recovery.

*See Escajeda v. Cigna Ins. Co. of Tex.*, 934 S.W.2d 402, 406 (Tex.App.—Amarillo 1996, no writ); *Rodriguez v. American General Fire & Cas. Co.*, 788 S.W.2d 583, 587 (Tex. App.—El Paso 1990, writ denied); *Liberty Mutual Fire Ins. Co. v. McDonough*, 734 S.W.2d 66, 68 (Tex.App.—El Paso 1987, no writ). However, to the extent a plaintiff attempts to recover damages caused by the purported misrepresentations and deceptive conduct which is unrelated to lost compensation benefits, the TWCA is inapplicable, and the plaintiff need not exhaust any administrative remedy. *See Escajeda*, 934 S.W.2d at 406. An employee may have one claim against his or her employer under the TWCA and another at common law for an intentional tort. *See Aranda*, 748 S.W.2d at 214. Accordingly, the trial court had subject matter jurisdiction of Fodge's claim that AMICO's refusal to pay her medical bills breached of the duty of good faith and fair dealing, violated the DTPA, and violated of Insurance Code. We sustain point of error one.

In light of out disposition of point of error one, we need not address point of error two. The judgment is reversed and the cause is remanded for further proceedings.