IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00149-CV

 

American Housing Foundation 

and College Station Texas 

Southgate Village, LTD.,

                                                                      Appellants

 v.

 

Brazos County Appraisal District,

                                                                      Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 02-002469-CV-85

 



O P I N I O N 



 

Appellants, American Housing
Foundation (“AHF”) and College Station Texas Southgate Village, Ltd.
(“Southgate Village, Ltd.”) appeal from the trial court’s summary judgment in
favor of Appellee, the Brazos County Appraisal District (“Appraisal District”). 
AHF and Southgate Village, Ltd. appeal in two issues: 

(1)             
Does Texas Tax Code section
11.182(e) allow an entity that is not the record owner of the property in
question to claim the tax exemption created by that statute?

 

 

(2)             
Does Texas Tax Code section
11.182(e) allow an exemption for structures built prior to December 31, 2001?

 

We decline to answer the first question because
the answer to the second is “no”; thus we will affirm the summary judgment.

BACKGROUND

AHF is a non-profit Texas corporation and a Community Housing Development Organization (“CHDO”) that provides
acceptable housing to low and moderate income individuals.  Southgate Village
Apartments, originally constructed well before 2001, are low to very-low income
housing apartments in Brazos County.  Southgate Village, Ltd., a Texas limited partnership and for-profit organization, owns the apartments.  AHF Southgate
Village, Inc. (“AHF Southgate”), a Texas corporation, is the sole general
partner of Southgate Village, Ltd.  AHF Southgate is a wholly-owned subsidiary
of AHF.

AHF applied for a year 2002 property
tax exemption for the apartments under Texas Tax Code section 11.182.  Tex. Tax Code Ann. § 11.182 (Vernon Supp. 2004-05).  The Brazos County Chief Appraiser determined that (1) AHF was not
the legal owner of the property as required by section 11.182(b) because deeded
ownership appeared to be vested in Southgate Village, Ltd.; (2) Section
11.182(e) applied only to property constructed after December 31, 2001; and (3)
AHF allegedly failed to supply the appropriate audit to the Appraisal
District.  AHF protested the denial of the tax exemption, and the Appraisal
Review Board denied AHF’s appeal.  In 2003, AHF applied for a year 2003
property tax exemption.  The Appraiser determined that (1) AHF was not the
legal owner of the property as required by section 11.182(b) because deeded
ownership appeared to be vested in Southgate Village, Ltd.; and (2) Section
11.182(e) applied only to property constructed after December 31, 2001.  AHF
protested the denial of the tax exemption, and the Appraisal Review Board
denied AHF’s appeal.  

In 2002, AHF and Southgate Village,
Ltd. sued the Appraisal District seeking review of the 2002 tax exemption
denial.  The petition was later amended to include the denial of the 2003 tax
exemption.  The Appraisal District filed a motion for summary judgment, and AHF
and Southgate Village, Ltd. filed a competing motion for summary judgment.  The
trial court granted the Appraisal District’s motion and denied AHF’s and Southgate Village, Ltd.’s motion.

SUMMARY JUDGMENT

Standard of Review

We review the decision to grant or
deny a summary-judgment motion de novo.  See Rucker v. Bank One Texas, N.A., 36 S.W.3d 649, 653 (Tex. App.—Waco 2000, pet. denied).  The standards for
reviewing a traditional motion for summary judgment are well established.  Nixon
v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  The movant has
the burden of showing that no genuine issue of material fact exists and that he
is entitled to the summary judgment as a matter of law.  American Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Ash v. Hack Branch
Distributing Co., 54 S.W.3d 401, 413 (Tex. App.—Waco 2001, pet. denied).

When competing motions for summary
judgment are filed and one is granted and one denied, the appellate court
should determine all questions presented and should render the judgment the
trial court should have rendered.  FM Properties Operating v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000); Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988).  But this is so only if, as here, both parties' motions sought final judgment, i.e.,
relief on all issues.  Montgomery v. Blue Cross & Blue Shield, 923
S.W.2d 147, 152 (Tex. App.—Austin 1996, writ denied); Runyan v. Mullins,
864 S.W.2d 785, 790 (Tex. App.—Fort Worth 1993, writ denied). 

Rules of Statutory Construction 

     The
propriety of this summary judgment turns on the construction of section 11.182
of the Tax Code.  Tex. Tax Code Ann.
§ 11.182.  Statutory construction issues are legal questions reviewed de
novo.  Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989).  In construing a statute, the reviewing court should determine and give effect
to the Legislature's intent.  National Liab. & Fire Ins. Co. v. Allen,
15 S.W.3d 525, 527 (Tex. 2000); Liberty Mut. Ins. Co. v. Garrison
Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998).  The court must first
look at the statute’s plain and common meaning.  Allen, 15 S.W.3d at
527; Fitzgerald v. Advanced Spine Fixation, 996 S.W.2d 864, 865 (Tex. 1999).  The court presumes that the Legislature intended the plain meaning of the
words it used.  Allen, 15 S.W.3d at 527.  And words, unless used as a
term of art or connected with a particular trade or subject matter, are given
their ordinary meaning.  In re BACALA, 982 S.W.2d 371, 380 (Tex. 1998); Tex. Gov't Code Ann. § 311.011
(Vernon 2005).  If the statute is unambiguous, the reviewing court typically
adopts the interpretation supported by the plain meaning of the statute's
words; rules of construction and extrinsic aids should not be applied, nor
extraneous matters inquired into.  Allen, 15 S.W.3d at 527 (extraneous
matters); Fitzgerald, 996 S.W.2d at 865-66 (rules of construction and
extrinsic aids).




Section 11.182 

     The statute at issue is section 11.182,
subsections (b) and (e):

(b) An organization
is entitled to an exemption from taxation of improved or unimproved real
property it owns if the organization:

(1) is organized as a community
housing development organization; 

(2) meets the requirements of a
charitable organization provided by Sections 11.18(e) and (f);

(3) owns the property
for the purpose of building or repairing housing on the property to sell
without profit to a low-income or moderate-income individual or family
satisfying the organization’s eligibility requirements or to rent without
profit to such an individual or family; and

(4) engages exclusively in the
building, repair, and sale or rental of housing as described by Subdivision (3)
and related activities.

. . .

 

(e) In addition to
meeting the applicable requirements of Subsections (b) and (c), to receive an
exemption under Subsection (b) for improved real property that includes a
housing project constructed after December 31, 2001, and financed with
qualified 501(c)(3) bonds issued under Section 145 of the Internal Revenue Code
of 1986, tax-exempt private activity bonds subject to volume cap, or low-income
housing tax credits, the organization must:

(1) control 100 percent of the
interest in the general partner if the project is owned by a limited
partnership;

(2) . . .

(3) . . .

 

Tex. Tax Code Ann. § 11.182 (b), (e) (emphasis added).[1] 


 

Analysis

The parties agree that the
Legislature intended some change by the addition of subsection (e) in 2001.  AHF
and Southgate Village, Ltd. argue that because AHF controls 100 percent of the
general partner of the limited partnership that owns the apartments, as allowed
by subsection (e), it is entitled to the tax exemption.  The Appraisal District
argues that AHF is not entitled to the exemption because subsection (e) applies
only to housing projects constructed after December 31, 2001, which would apply
for tax years after subsection (e) was added.

The words “in addition to” have a plain
meaning of “combined or associated with” or “besides.”[2] 
See Allen, 15 S.W.3d at 527; Merriam
Webster’s Collegiate Dictionary 13 (10th ed. 1993).  Nevertheless, we
find that the summary judgment evidence shows: (1) AHF was not entitled to the
exemption under subsection (b) because it did not own the housing project; (2)
Southgate Village was not entitled to the exemption under subsection (b)
because it was not a CHDO; and (3) subsection (e) did not create an entitlement
to the exemption because the property in question owned by Southgate Village
(which admittedly is a limited partnership whose general partner is controlled
100% by AHF) was not a housing project “constructed” after December 31, 2001.[3]

CONCLUSION

Tax Code Section 11.182(e) applies
only to housing projects constructed after December 31, 2001.  We affirm the
summary judgment.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed June 22, 2005

[CV06]









    [1]       The
parties have no dispute about the applicability of subsection (c).





    [2]       Thus,
subsection (e) on its face requires compliance with subsections (b) and (c). 
The parties appear to believe that the Legislature intended to say “in lieu of
the requirements of (b) and (c).”  We express no opinion on the effect to be
given to the words “in addition to.”





 

    [3]       We
do not reach the Appraisal District’s contention that there is no evidence that
 Southgate Village used one of the three types of financing required under
subsection (e).