

**NUMBER 13-05-00532-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

SOUTHERN INSURANCE COMPANY AND
H. M. ADAMS, D/B/A H. M. JR. AUTO SALES,                    Appellants,

v.

POAL, INC., D/B/A SOUTH TEXAS AUTO AUCTION,           Appellee.

**On appeal from the County Court at Law No. 2
of Hidalgo County, Texas.**

**MEMORANDUM OPINION**

**Before Justices Yañez, Rodriguez, and Vela
Memorandum Opinion by Justice Rodriguez**

This summary judgment proceeding arises from three parties claiming a right to proceeds from a bond. Appellants, Southern Insurance Company (Southern) and H.M. Adams d/b/a H.M. Jr. Auto Sales (H.M. Adams), contend that the trial court erred in

granting summary judgment in favor of appellee, POAL, Inc., d/b/a South Texas Auto Auction (STAA), and in awarding attorney's fees to STAA. Southern also contends that the trial court erred in denying its counter-motion for summary judgment. We reverse and remand.

## I. Background

Southern, a surety, issued a motor vehicle dealer bond in the amount of $25,000 on behalf of its principal, Darline Jamison d/b/a Karz R Us (Jamison). *See* TEX. TRANS. CODE ANN. § 503.033 (Vernon 2007). STAA, H.M. Adams, and San Antonio Auto Auction obtained default judgments against Jamison and each submitted a written claim against the bond to Southern; H.M. Adams asserted a claim for $16,390 plus attorney's fees, STAA a claim for $26,825 plus attorney's fees, and San Antonio Auto Auction a claim for $15,431.35 plus attorney's fees—the cumulative total of which exceeded the $25,000 penal sum of the bond.[1] Southern advised the claimants that it would interplead the funds into the court if they could not agree on the distribution of the $25,000 within thirty days of the notification. Before the thirty days elapsed, STAA filed suit against Southern.

## A. Claims and Counterclaims

In its lawsuit against Southern, STAA asserted a breach of contract claim alleging Southern failed to pay the judgment under the bond and proximately caused STAA's damages. STAA sought attorney's fees "as allowed by the contracts in breach and Chapter 38, Texas Civil Practice & Remedies Code." Southern filed a general denial. It

---

[1]"The penal sum, which is the face amount of the bond, is the maximum amount the surety can be required to pay in the event of a default by the principal." *Pavecon, Inc. v. R-Com, Inc.*, 159 S.W.3d 219, 221 (Tex. App.–Fort Worth 2005, no pet.) (citing *Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 426-27 (Tex. 1995)).

2

also filed an interpleader action bringing H.M. Adams and San Antonio Auto Auction into the lawsuit because Southern could not determine its liability as between the three claimants and tendered the disputed $25,000 into the registry of the court. Claiming to be a disinterested stakeholder, Southern sought to recover its costs and attorney's fees against STAA. Southern also sought to enjoin all claimants from instituting further suits against it and from making any effort to collect from Southern any judgments rendered against Jamison.

H.M. Adams and San Antonio Auto Auction filed counterclaims against Southern each asserting priority of its respective judgment against the bond proceeds and claiming that, as a result of Southern's failure to honor its obligation pursuant to the bond, it had been injured. Each sought recovery of proceeds from the $25,000 bond issued by Southern. H.M. Adams and San Antonio Auto Auction also generally denied Southern's request for attorney's fees, claiming Southern had not fulfilled its duty under the bond. Southern filed a general denial and also requested attorney's fees be awarded against H.M. Adams and San Antonio Auto Auction.

B. Summary Judgment Motions

1. STAA's Motion for Summary Judgment

STAA filed a traditional motion for summary judgment claiming priority of judgment as against H.M. Adams and requesting that the proceeds of the bond be released to STAA. STAA attached the affidavit of Larry Blackwell, STAA's employee, as evidence. The affidavit set out facts regarding STAA's judgment against Jamison and the bond issued by Southern. After acknowledging Southern had unconditionally tendered the disputed $25,000 into the registry of the court, Blackwell stated STAA was "seeking to be the

3

recipient of the Bond." The bond was attached to Blackwell's affidavit as an exhibit. STAA did not request judgment against Southern. It did not allege grounds or offer authority for judgment against Southern on its breach of contract claim. It did not offer evidence supporting its breach of contract claim asserted against Southern. And, although STAA supplemented its motion with the affidavit of counsel, Charlie J. Cilfone, setting out professional services rendered in this case and the amount charged, STAA neither urged nor requested an award of attorney's fees.

Southern responded that STAA had not established as a matter of law that it had priority to the $25,000 over the other claimants. H.M. Adams also responded that STAA did not meet its burden, the law did not support its argument, and STAA's pleadings were defective in that there were discrepancies in the dates pleaded. H.M. Adams presented authority and evidence in support of its position that H.M. Adams's judgment against Jamison had priority over STAA's judgment. H.M. Adams also argued that the trial court should deny STAA's motion because

> the only judgment capable of being rendered on [STAA's motion] will not dispose of all parties and/or claims. Specifically, [STAA] has not addressed the issue of its own attorney's fees in its motion. Moreover, [STAA's] Motion for Summary Judgment does not contemplate and/or disprove any element of H.M. Adams' counterclaim against [Southern] as a matter of law.

2. H.M. Adams's Amended Motion for Summary Judgment

H.M. Adams also filed an amended motion for summary judgment claiming that it had shown itself to have a superior right to the proceeds of the bond because its judgment against Jamison allegedly became final before STAA's judgment. It also argued that although STAA should not be awarded attorney's fees, H.M. Adams was entitled to reasonable and necessary attorney's fees in defense of this interpleader action and in its

4

pursuit to recover the proceeds of the bond. Finally, H.M. Adams urged that because of Southern's alleged failure and/or refusal to fulfill its duty under the bond, attorney's fees should not be awarded to Southern. In response, Southern challenged H.M. Adams's request for attorney's fees incurred in this interpleader action as without authority. STAA filed no response to H.M. Adams's motion for summary judgment.

### 3. Southern's Counter-Motion for Summary Judgment

Southern filed a traditional counter-motion for summary judgment. Alleging it had satisfied its obligation under the bond by establishing the three elements of its interpleader action as a matter of law, Southern sought discharge from further liability and an injunction on future actions on the bond at issue.[2] As a disinterested stakeholder, Southern also argued its entitlement to attorney's fees and provided the affidavit of Laird E. Lawrence to establish attorney's fees and expenses totaling $5,671.48; fees and expenses that were incurred in connection with the interpleader.

STAA's response did not challenge Southern's position that it had satisfied the elements of its interpleader actions. STAA only responded to Southern's request for attorney's fees. It objected to Lawrence's affidavit on the ground that the request for attorney's fees was not reasonable or necessary because "[a]fter Southern interpled disputed funds into the registry of the Court, [its] involvement in this case was no longer necessary." Correspondence from STAA's counsel to Southern's counsel, dated November 24, 2004, and attached as an exhibit to STAA's response, provided as follows:

---

[2]On appeal, Southern does not challenge the trial court's denial, if any, of injunctive relief, and so we do not consider it here. *See* TEX. R. APP. P. 47.1; *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.–El Paso 2007, pet. dism'd) ("When reviewing a civil matter, an appellate court has no discretion to consider an issue not raised in the appellant's brief.").

"Please note, I am specifically objecting to any attorney's fees accruing which may diminish the amount of the judgment owed my client. That is, if you accrue attorney's fees, I expect those fees to come from sources other than the amount available to satisfy my [client's] judgment."

### 4. San Antonio Auto Auction

San Antonio Auto Auction did not file a motion for summary judgment and is not a party to this appeal.

### C. The Judgment

Concluding STAA had established liability against Southern, H.M. Adams, and San Antonio Auto Auction, the trial court granted STAA's motion, awarded court costs and attorney's fees against Southern, and denied Southern's request for attorney's fees. After rendering judgment for STAA and, after acknowledging that all parties appeared by their counsel of record, the judgment set out the following: "After considering [STAA's] Motion for Summary Judgment and arguments of counsel, this Court is of the opinion that all issues of fact and of law in dispute as between the parties of this lawsuit have been disposed of by summary judgment." The judgment also provided that STAA "had established liability against the Defendant and Interpleaders." It found that Southern had failed to pay bank drafts drawn by Jamison for the purchase of motor vehicles from STAA's place of business, that Jamison had breached her contract for purchase as it relates to those motor vehicles, and that STAA should recover damages from Southern in the amount of $31,825, including actual damages of $25,825 and attorney's fees of $5,000. The judgment also awarded costs of suit against Southern. In addition, Southern's recovery of attorney's fees requested in its counter-motion for summary judgment based

6

on its alleged status as a disinterested stakeholder in the interpleader action was denied. Finally, the judgment provided that "[a]ll relief not given is denied."

## II. Standard of Review

The standard of review for a traditional summary judgment is well established:  the movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See* Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Mercier v. Southwestern Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 773 (Tex. App.–Corpus Christi 2007, no pet.).  A party moving for traditional summary judgment must conclusively negate at least one essential element of each of the non-moving party's causes of action or conclusively establish each element of an affirmative defense.  *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).  The propriety of summary judgment is a question of law, and we thus review the trial court's ruling de novo.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Ortega v. Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.) (op. on reh'g).

When both sides move for summary judgment and the trial court grants one motion and denies the other, we will review both sides' summary judgment evidence and determine all questions presented.  *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *FM Props. Oper. Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).  The reviewing court should render the judgment that the trial court should have rendered.  *See FM Props.*, 22 S.W.3d at 872.  However, before we may reverse summary judgment for

7

one party and render judgment for the other party, both parties must have sought final judgment relief in their cross-motions for summary judgment. *CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998) (per curiam). If the motions are not final judgment summary judgment motions, we cannot render judgment on them. *See id.*; *Montgomery v. Blue Cross & Blue Shield of Tex., Inc.*, 923 S.W.2d 147, 152 (Tex. App.–Austin 1996, writ denied) (en banc).

### III. Scope of Review

The scope of review in an appeal from summary judgment is also limited. *Capitol Indem. Corp. v. Kirby Rest. Equip. & Chem. Supply Co.*, 170 S.W.3d 144, 146 (Tex. App.–San Antonio 2005, pet. denied). A motion for summary judgment must expressly present the grounds upon which it is made, and it must stand or fall on these grounds alone. *See* TEX. R. CIV. P.166a(c) (requiring the movant's motion to explicitly state the specific grounds for the summary judgment); *Sci. Spectrum*, 941 S.W.2d at 912 (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)).

### IV. Analysis

#### A. STAA's Grounds for Summary Judgment

By its first issue,[3] Southern contends that the trial court erred in entering judgment against Southern for $31,825 plus interest and costs because the only relief requested by STAA in its motion for summary judgment was the release of the interpled proceeds of

---

[3]Having brought five issues on appeal, Southern withdrew its first issue complaining of the trial court's finding that Southern failed to pay bank drafts. For convenience, we have renumbered the issues and will address them as renumbered.

Southern's bond. By issue two, Southern contends that the trial court erred in awarding attorney's fees to STAA because STAA did not ask for fees in its motion. We agree.

In its motion for summary judgment, STAA sought the release of the $25,000 deposited by Southern into the registry of the court. STAA claimed that it should receive the funds because of its alleged priority of judgment against Jamison. The evidence offered by STAA presented facts related to its argument that it had priority over H.M. Adams to interpled funds. STAA's evidence established that Southern deposited the bond procee2ds into the registry of the court and that STAA was "seeking to be the recipient of the Bond."

The judgment, however, determined liability against H.M. Adams and San Antonio Auto Auction, and contractual liability against Southern. The judgment also awarded fees against Southern. This was not the relief requested by STAA in its motion for summary judgment.

STAA is not entitled to a summary judgment on a ground not specifically stated in its motion. *See* TEX. R. CIV. P.166a(c); *Sci. Spectrum*, 941 S.W.2d at 912. STAA did not present Southern's breach of contract liability or its entitlement to attorney's fees as a ground in its motion for summary judgment. Thus, we conclude that the trial court erred in granting STAA's summary judgment against Southern and granting STAA attorney's fees. We sustain Southern's first and second issues.

B. Southern's Counter-Motion for Summary Judgment on Interpleader Action

By its third issue, Southern contends that the trial court erred in denying its counter-motion for summary judgment because Southern established that it should be discharged from the interpleader action as a matter of law. By its fourth issue, Southern contends that

9

the court also erred in denying its motion for attorney's fees because it established its right to attorney's fees as a disinterested stakeholder and the reasonableness of the amount of the fees as a matter of law.

Texas Rule of Civil Procedure 43 authorizes a stakeholder who receives multiple claims to property in its possession to join all claimants in a lawsuit and deposit the disputed property into the registry of the court. TEX. R. CIV. P. 43; *see Olmos v. Pecan Grove Mun. Util. Dist.*, 857 S.W.2d 734, 741 (Tex. App.–Houston [14th Dist.] 1993, no writ); *Bryant v. United Shortline Inc.*, 984 S.W.2d 292, 296 (Tex. App.–Fort Worth), *aff'd*, 972 S.W.2d 26 (Tex. 1998). In an interpleader action, the interpleading party is entitled to interpleader relief if: (1) it is either subject to or has reasonable grounds to anticipate rival claims to the same fund or property; (2) it has not unreasonably delayed in filing its interpleader action; and, (3) it has unconditionally tendered the fund or property into the registry of the court. *Hanzel v. Herring*, 80 S.W.3d 167, 173 (Tex. App.–Fort Worth 2002, no pet.) (citing *Bryant*, 984 S.W.2d at 296).

Southern's summary judgment evidence established that Southern received three claims against the bond issued on behalf of Jamison, the cumulative total of which exceeded $25,000. The summary judgment evidence also showed that Southern advised the claimants that it would interplead the funds into the court if they could not agree on the distribution of the $25,000 within thirty days of the notification. Before the thirty days elapsed, STAA initiated this lawsuit. After being served, Southern answered the lawsuit and filed the interpleader action. It is also uncontested that the $25,000 was tendered, unconditionally, into the registry of the court.

From our review of the evidence in this summary judgment proceeding, we conclude that Southern has shown there is no genuine issue of material fact regarding the three elements of the interpleader action. We sustain the third issue. However, for reasons set out below regarding the finality of judgment, we cannot render judgment discharging Southern. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205-06 (Tex. 2001); *Feldman*, 977 S.W.2d at 569; *Montgomery*, 923 S.W.2d at 152. We also decline to address Southern's fourth issue because the award of attorney's fees in the interpleader action is dependent on the resolution of other claims that remain and is not dispositive of this appeal. TEX. R. APP. P. 47.1.

## V. Finality of Judgment

In this case, it appears by the language of the judgment that the trial court intended the judgment to be final when it set out "that all issues of fact and of law in dispute as between the parties of this lawsuit have been disposed of by summary judgment," that STAA "had established liability against the Defendant and Interpleaders," and that "[a]ll relief not given is denied." There is no presumption of finality for summary judgment orders, however, and although the judgment in this case contains unequivocal statements of finality, the motions did not ask for judgments on all claims and for all parties. *See Lehmann*, 39 S.W.3d at 205-06.

Among other things, the priority of the three judgments against Jamison was not resolved. As between STAA, H.M. Adams, and San Antonio Auto Auction, the resolution of the priority issue will determine the order in which the judgments are to be paid. This is important because the three judgments combined exceed the bond's $25,000 penal limit. Southern, STAA, and H.M. Adams argued priority in their summary judgment motions. The

11

judgment did not address STAA's priority. Neither did the underlying judgment dispose of H.M. Adams's priority claims when it granted STAA's motion and denied Southern's request for attorney's fees, even by implication as urged by H.M. Adams.

Also, necessary to concluding the interpleader action is a determination of Southern's status as an innocent stakeholder, which will affect the award of attorney's fees. "The Texas rule is that the innocent stakeholder in an interpleader is entitled to attorney's fees, to be paid out of the impleaded fund." *U.S. v. Ray Thomas Gravel Co.*, 380 S.W.2d 576, 581 (Tex. 1964). Southern claims that it is undisputed that Southern is a disinterested stakeholder. STAA, however, asserted breach of contract against Southern, and H.M. Adams and San Antonio Auto Auction, in their counter-claims, alleged that Southern failed or refused to permit the parties to recover under the bond. The contract actions are still pending and their resolution will impact Southern's status as a disinterested stakeholder and the award of attorney's fees. *See, e.g., Union Gas Corp. v. Gisler*, 129 S.W.3d 145, 153 (Tex. App.–Corpus Christi 2003, no pet.) (concluding that a stakeholder could not recover attorney's fees because it was responsible for the conflicting claims to the funds and created its own predicament). And, to the extent the claims for breach of contract may be determined to be independent of the interpleader action, the issue of attorney's fees remains. Finally, the judgment did not dispose of, or even identify, San Antonio Auto Auction as a party.

Based on the above, although the trial court intended the judgment to be final, we conclude that all claims and parties have not been disposed of by the trial court. The record fails to show adequate motions or other legal basis for the trial court's disposition regarding all claims and all parties. *See Lehmann*, 39 S.W.3d at 206; *First Nat'l Bank v.*

12

*De Villagomez*, 54 S.W.3d 345, 348 (Tex. App.–Corpus Christi 2001, pet. denied).

Therefore, we will consider the judgment as final—erroneous, but final and appealable.

*See Lehmann*, 39 S.W.3d at 200.  Also, because the parties did not seek final judgment

relief by their motions as to all claims and all parties, we cannot render judgment on them.

*See Feldman*, 977 S.W.2d at 569; *Montgomery*, 923 S.W.2d at 152.

## VI.  Conclusion

Accordingly, we reverse the trial court's order granting STAA's summary judgment

and its order denying Southern attorney's fees and remand this matter to the trial court for

proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 22nd day of May, 2008.

13